**Norfolk**

RICKY LEE OWENS

v.

COMMONWEALTH OF VIRGINIA

No. 1175-88-1

Decided May 8, 1990

310

COUNSEL

Paul E. Sutton, II, on brief, for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—The Circuit Court of the City of Virginia Beach found that Ricky Lee Owens violated the terms of his probation by committing a robbery. On appeal, Owens contends that a certified copy of an order of conviction on a robbery charge from the Circuit Court of the City of Norfolk was improperly admitted into evidence. We disagree.

The pertinent facts are not in dispute. Owens was convicted of burglary and robbery by the Circuit Court of the City of Virginia Beach on February 16, 1982, and sentenced to concurrent terms of twenty and twenty-seven years imprisonment, respectively. The twenty year sentence on the burglary conviction was suspended by the court, conditioned upon three years of supervised probation following Owens' release from confinement. Owens was released on February 10, 1987, on concurrent probation and parole supervision, but was re-arrested and charged with robbery on April 8, 1987 in Norfolk, Virginia. Owens was convicted of the robbery offense on August 11, 1987, and was subsequently charged with violating his probation based on that conviction. At the hearing before the trial court on August 16, 1988, the Commonwealth introduced into evidence a certified copy of the Norfolk robbery conviction over the objection of Owens. The court found that Owens violated the terms of his probation and imposed the remaining balance of his previously suspended twenty year sentence. From this decision, Owens appeals.

Owens argues that the Norfolk conviction order should not have been admitted into evidence without having first been *authenticated.* The statute which deals with the admission of judicial records as evidence is Code § 8.01-389, which provides that "[t]he records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as prima facie evidence provided that such records are authenticated

and certified by the clerk of the court where preserved to be a true record." Owens asserts that the words "authenticated and certified" require the attesting clerk to attach to the copy of the official document an additional certificate stating that he or she is aware of and/or has independent knowledge of the facts stated or offered therein. The cases cited by Owens for this proposition do not address Code § 8.01-389 and are therefore not instructive on this issue.

There is no dispute that the document in question was a certified copy properly attested to by a deputy clerk. The conviction order was stamped "A COPY, TESTE: WILLIAM T. RYAN, CLERK" and undersigned by the deputy clerk. This was sufficient to "authenticate and certify" the document within the meaning of Code § 8.01-389. There is no indication of alteration and Owens does not challenge the fact that it is a true and accurate copy of the conviction order. We are not persuaded by Owens' argument that additional authentication is required by the language in Code § 8.01-389. For purposes of this Code section the terms "authenticated" and "certified" are basically synonymous and we are unwilling to place undue significance on the fact they are used in the conjunctive in the statute. Authentication is merely the process of showing that a document is genuine and that it is what its proponent claims it to be. *See* C. Friend, *The Law of Evidence in Virginia* § 180 (3d ed. 1988); Fed. R. Evid. 901. As we noted in *Ingram v. Commonwealth*, 1 Va. App. 335, 338 S.E.2d 657 (1986), "[t]he underlying rationale which justifies admitting facts contained in official records as an exception to the hearsay rule is that the concern for reliability is largely obviated because the nature and source of the evidence enhance the prospect of its trustworthiness." *Id.* at 338, 338 S.E.2d at 658-59. We find no error in the trial court's admission of the certified copy of the Norfolk conviction order into evidence. Accordingly, we affirm the decision of the trial court.

*Affirmed.*

Moon, J., and Willis, J., concurred.