46

## CIRCUIT COURT OF RICHMOND COUNTY

Commonwealth of Virginia

v.

Kenneth L. Muse

December 4, 1990

By JUDGE JOSEPH E. SPRUILL, JR.

The conviction of this defendant for driving after having been declared an habitual offender is dependent upon the admission in evidence of a copy of an order of the Northumberland County Circuit Court declaring him an habitual offender in 1985. The order offered by the Commonwealth contains the following certificate:

A TRUE COPY, TESTE
J. STEVE THOMAS, SR., CLERK
BY: *Emily D. Walker* /s/
Deputy Clerk

Defendant objects to the admission of this document claiming it is not properly authenticated pursuant to Section 8.01-389(A). He relies on *Carroll v. Commonwealth*, 10 Va. App. 686, 396 S.E.2d 137 (1990). In *Carroll*, the designation of the person purporting to sign for the clerk was not given, and the Court of Appeals ruled that the document was for that reason not properly authenticated. Thus, the order was inadmissible under § 8.01-389(A).

Here, Emily D. Walker was clearly designated as deputy clerk, thus significantly distinguishing this case from *Carroll*.

The Court of Appeals, in *Owens v. Commonwealth*, 10 Va. App. 309, 391 S.E.2d 605 (1990), just recently expressly approved a certification virtually identical to the one

at issue here, holding that such form was sufficient to "authenticate and certify" the document within the meaning of Code § 8.01-389. Accordingly, we hold that the certification here fulfills the requirements of § 8.01-389.

The defendant next claims that the applicable statute governing the admission of *copies* of court records should be § 8.01-391(B). This statute provides, in part, as follows:

> Section 8.01-391(B). If any . . . clerk's office of a court of this Commonwealth . . . has copied any record made in the performance of its official duties, such copies shall be as admissible into evidence as the original . . . provided that such copy is authenticated as a true copy both by the custodian of said record and by the person to whom said custodian reports, if they be different, *and* is accompanied by a certificate that such officer does in fact have the custody. (Emphasis added.)

The requirements of this statute are explicit and require certification both as to authenticity and custody.

This situation poses a dilemma for the Court. We are dealing here with a copy of a court record, and in this context, the requirements of § 8.01-391(B) would seem to apply. However, the Court of Appeals twice recently has had almost the precise issue before it and in each case held that § 8.01-389 was the applicable statute. Defendant maintains that the issue he raises here was not before the Court of Appeals in either *Carroll* or *Owens*. We should not assume, however, that the learned judges of the Court of Appeals were not aware of § 8.01-391 when *Carroll* and *Owens* were before them.

The Court of Appeals was explicit in *Owens*, holding that the statute which deals with the admission of judicial records as evidence is § 8.01-389.

Accordingly, we rule that the Northumberland County order is properly authenticated pursuant to § 8.01-389 and is therefore admissible.