## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Iola M. Wieland

January 15, 1991

Case No. (Law) 100007

By JUDGE THOMAS S. KENNY

This cause is before the Court upon the defendant's Motion to Dismiss habitual offender proceedings commenced against her by the Commonwealth of Virginia. The precise question before this Court is whether the transcript filed by the Commissioner of the Department of Motor Vehicles ("DMV") is in accordance with the statutory procedure established in § 46.2-352 of the Virginia Code. I have determined that it is not.

Section 46.2-352 provides, in pertinent part, that the "Commissioner shall certify, from the Department's records, substantially in the manner provided for in Section 46.2-215, three transcripts or abstracts of those conviction documents which bring the person named therein within the definition of an habitual offender." Section 46.2-215 allows a certification to be admitted as evidence where it purports to be "sealed or sealed and signed by the Commissioner . . ." but this must be construed in accordance with the later part of the statute which refers to the "person whose name is signed thereto." In this case, the transcript is embossed with the Department's seal but is notably lacking a signature on the clearly printed signature line. While the legislature has manifested some intent to allow deviation from § 46.2-215 by mandating only substantial compliance, I do not believe that the

statute should be construed so broadly as to allow a certification lacking signature to be considered compliant. *Cf. Owens v. Commonwealth*, 10 Va. App. 309 (1990). The fact that this was obviously an inadvertent omission adds nothing to the Commonwealth's case.

The defendant in this case appeared pursuant to a Rule to Show Cause issued under § 46.2-354. Inasmuch as a Rule under this statute rests on a properly certified transcript, as described in § 46.2-352, the inadequacy of the transcript at issue compels me to dismiss the Rule, without prejudice to the Commonwealth to recommence habitual offender proceedings upon correction of the aforementioned error.