COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz, Elder and Fitzpatrick

HARVEY EARL DRIGGS

v.     Record No. 2408-93-3          MEMORANDUM OPINION* BY
                                     JUDGE LAWRENCE L. KOONTZ, JR.
CITY OF MARTINSVILLE                        JULY 11, 1995

FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
Frank I. Richardson, Jr., Judge

Wm. Roscoe Reynolds (Stone, Worthy, Reynolds & Joyce,
on brief), for appellant.

J. Randolph Smith, Jr., Commonwealth's Attorney, for
appellee.


Harvey Earl Driggs (Driggs) appeals his conviction for driving under the influence, a second or subsequent offense within a ten-year period pursuant to Code § 18.2-266. Driggs asserts that the trial court erred in admitting into evidence a copy of a prior conviction order for driving under the influence on the ground that the order was attested improperly. Finding no error, we affirm.

At trial, the Commonwealth offered an attested copy of Driggs' previous conviction for DUI from the Circuit Court of Roanoke County. The clerk's attestation stamp on the document appeared as follows:

        STE:  STEVEN A MCGRAW, CLERK
        COURT, ROA  KE COUNTY, VA.

              /s/ Rebecca Fay Mahone
                  Deputy Clerk

Driggs objected to the admission of the document on the ground that it was hearsay and not in compliance with Code

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

§ 8.01-389. Driggs argued that the stamp on the document failed to indicate that it was prepared by the clerk of the court wherein the original was maintained. On appeal, Driggs reasoned that without such authentication the document was not a proper copy teste, thus it was inadmissible.

We hold that Owens v. Commonwealth, 10 Va. App. 309, 391 S.E.2d 605 (1990), controls on these facts. In Owens, the Commonwealth introduced into evidence a certified copy of a prior robbery conviction. The certification merely identified the attesting officer as "clerk" without identifying the court of his jurisdiction. Owens argued that the copy was not authenticated as required under Code § 8.01-389 because a proper certification required proof of proper jurisdiction. We held that no additional authentication was needed and stated, "the underlying rationale which justifies admitting facts contained in official records as an exception to the hearsay rule is that the concern for reliability is largely obviated because the nature and source of the evidence enhance the prospect of its trustworthiness." Id. at 311, 391 S.E.2d at 607 (citation omitted).

The stamp in the present case conveyed the same information as the stamp in Owens. Although the stamp on Driggs' prior conviction order was partially incomplete, the information imparted was adequate to satisfy the requirements of Code § 8.01-389.

For these reasons, we affirm Driggs' conviction.

Affirmed.