COLEMAN, Judge,
concurring in part, dissenting in part.
I concur in Part II of the majority decision. However, in my opinion, the trial court erred during the sentencing phase of the bifurcated trial by admitting two documents which purported to be conviction orders from the Criminal Court of Sullivan County, Tennessee. These orders had not been properly authenticated as required by Code § 8.01-389(A1), as it read at the time of trial. Therefore, I dissent from the holding in Part III of the majority’s opinion and would remand the case for resentencing by another jury in accordance with the provisions of Code § 19.2-295.1.[4]
A written order or record of a judicial proceeding from another court that is offered to prove the content of the document is hearsay and is inadmissible evidence unless authorized by statute or by a recognized exception to the hearsay rule. See Owens v. Commonwealth, 10 Va.App. 309, 311, 391 S.E.2d 605, 607 (1990)(“ ‘[t]he underlying rationale which justifies admitting facts contained in official records as an *392 exception to the hearsay rule is that the concern for reliability is largely obviated because the nature and source of the evidence enhance the prospect of its trustworthiness.’ ” (quoting Ingram v. Commonwealth, 1 Va.App. 335, 338, 338 S.E.2d 657, 658-59 (1986))). Code § 8.01-389 provides that a properly authenticated and certified record of a court or judicial proceeding “shall be received as prima facie evidence” of the record. Thus, this statute codifies as part of the official records exception to the hearsay rule judicial “records” which are properly authenticated, Owens, 10 Va.App. at 311, 391 S.E.2d at 607; and, it also provides how records from courts of the Commonwealth and foreign jurisdictions are to be authenticated and certified; and it further codifies the legislature’s recognition of. the constitutional requirement that Virginia courts shall give full faith and credit to the judgments of the courts of a sister state. Moreover, Code § 8.01-389(A1) provides that an official record of a court of another state shall be “authenticated by the clerk of the court where preserved to be a true record, and similarly certified by a judge of that court.” (Emphasis added). Where, as here, the required certification by a judge of the Criminal Court of Sullivan County, Tennessee was missing, the order was not properly authenticated as required by Code § 8.01-389(A1) and it should not have been admitted into evidence. See Carroll v. Commonwealth, 10 Va.App. 686, 396 S.E.2d 137 (1990).
The majority concludes that the more stringent double authentication or exemplification requirements of Code § 8.01-389(A1), as it read at the time of appellant’s trial, did not control in this case because Code § 19.2-295.1, which is a specific statute, requires only that the order be “certified, attested or exemplified.” (Emphasis added). The majority concludes that Code § 19.2-295.1 permits the admission of an order from any jurisdiction that has been certified or attested without the required double certification necessary to exemplify a foreign judgment order. The majority reasons that Code § 19.2-295.1, which contains no requirement for double certification, is the statute that specifically deals with the admission of judgment orders in sentencing proceedings, therefore, it *393 controls over Code § 8.01-389(A1), the general statute controlling the certification, attestation, and exemplification of orders.
This is not a situation, however, in which two statutes deal with the same subject matter and, therefore, the principles of statutory construction require that the specific statute controls over the general statute. Code § 19.2-295.1 does not address and does not govern how judicial records are to be certified, authenticated, or exemplified—authentication being the necessary requirement to establish trustworthiness of a document in order to qualify it under the official records hearsay exception. Instead, Code § 19.2-295.1 merely specifies that a defendant’s prior criminal convictions are admissible in the bifurcated sentencing procedure and shall be proven by certified, attested or exemplified copies of the record of conviction; this statute does not undertake to define how records are to be “certified, attested or exemplified.” Code § 8.01-389 is the only statute that controls how judicial records are to be “certified, attested or exemplified” in order to be admissible. In order for a judicial record to be “certified, attested or exemplified” so as to be admissible the proponent of the evidence must comply with the requirements of Code § 8.01-389, which the Commonwealth failed to do in this case.
Accordingly, I would hold that error occurred during the sentencing phase of the trial, which error was not harmless, and I would remand this case to the trial court for resentencing by a jury empaneled in accordance with Code § 19.2-295.1.

. In 1996 Code § 8.01-389(A1) was amended. Under the revised statute, the Tennessee orders with only a single certification would be admissible. Thus, although the orders would now be admissible on remand, they were inadmissible at the time of trial, in my opinion.