COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


WALTER E. PATTERSON, JR.
                                   MEMORANDUM OPINION[*] BY
v.     Record No. 2676-96-2   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       MARCH 3, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      William R. Shelton, Judge

            Andrea C. Long (David E. Boone; Boone, Beale,
            Cosby & Long, on brief), for appellant.

            Ruth Ann Morken, Assistant Attorney General
            (Richard Cullen, Attorney General, on brief),
            for appellee.



      Walter E. Patterson, Jr. (appellant) was convicted in a jury

trial of breaking and entering, grand larceny, and assault and

battery.  On appeal, he contends the trial court erroneously:

(1) admitted a criminal complaint of unverified authorship, and

(2) allowed the Commonwealth to refer to it on rebuttal.  For the

following reasons, we affirm the convictions.

                              I.

      At approximately 1:10 p.m. on February 7, 1996, Charles and

Michelle Spencer returned to their home at 11630 Old Centralia

Road for lunch.  They stopped in the garage to feed the dog

before climbing the exterior stairwell to their front door.

While they were in the garage, the couple heard footsteps on the

_____

      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

floor above them.  Charles immediately ran upstairs while Michelle called 911 from a telephone in the garage.

As Charles reached the top of the stairwell, he met a man running out of the Spencer home with a bag.  The man lowered his head to push Charles out of the way.  Charles grabbed the man, and they fell together down the steps to a landing where Charles wrestled the bag away from the intruder.  The man jumped over the railing, looked up at Charles for a moment and then ran back up to the landing and continued to wrestle over the bag.  He told Charles he had a gun, and Charles let go of the bag.  The man ran off toward the woods in the direction of Chester Middle School. The Spencers recovered their stolen property, valued at approximately $4,650, from the ground beneath the landing, where it had fallen during the scuffle over the bag.

Chesterfield Police Officer R.L. Hutchison, Jr. was one block away from the Chester Middle School when he received the radio dispatch regarding the break-in at the Spencer home. Hutchison proceeded to the school, where he spotted a man matching Michelle Spencer's description.  After a foot chase, Hutchison apprehended appellant.

At trial, Hutchison identified appellant as the man he chased and apprehended and the bag as the one he recovered. Michelle Spencer testified that the bag Hutchison recovered was the bag over which the intruder and her husband had fought. Charles Spencer identified appellant as the man with whom he

struggled and the bag as the one the intruder carried from his house.

The Commonwealth offered into evidence a criminal complaint signed by appellant alleging that at approximately 1:15 p.m. on February 7, 1996, Charles Spencer committed an assault and battery on him at 11630 Old Centralia Road. The document was obtained from the district court clerk's office and certified as an accurate copy of the complaint on file in that court. Over defense objection, the trial court admitted the complaint.

Appellant presented no evidence, and in closing argument, his counsel suggested mistaken identity. "There's only one person that claims that he saw him, and that's the upset homeowner." The Commonwealth, on rebuttal, referred to the criminal complaint as evidence that placed appellant at the Spencer home around the time of the break-in and subsequent scuffle. The jury found appellant guilty on all three counts.

## II.

Appellant first contends the criminal complaint was inadmissible because the Commonwealth failed to offer evidence that appellant authored the complaint. "'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Brown v. Commonwealth, 25 Va. App. 171, 181, 487 S.E.2d 248, 253 (1997) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)). "The records of any

3

judicial proceeding and any other official records[1] of any court of this Commonwealth shall be received as prima facie evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record." Code § 8.01-389. "[T]he terms 'authenticated' and 'certified' are basically synonymous" in this context. Owens v. Commonwealth, 10 Va. App. 309, 311, 391 S.E.2d 605, 607 (1990). In the instant case, the complaint was certified by the proper clerk, and it was therefore admissible as prima facie evidence.

Appellant next suggests that the Commonwealth had an additional burden of establishing that he authored the complaint. His argument lacks merit. The presumption of regularity of court documents attached to the criminal complaint and established the requisite prima facie case. "'[E]very act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.'" Nicely v. Commonwealth, 25 Va. App. 579, 584, 490 S.E.2d 281, 283 (1997) (citation omitted). "In the absence of clear evidence to the contrary, courts may presume that public officers have properly discharged their official duties." Robertson v. Commonwealth, 12 Va. App. 854, 856-57, 406 S.E.2d 417, 418 (1991). Appellant failed to argue that the signature on the complaint was not his, and he offered no evidence that it was not genuine. In the

---

[1] "Records" includes "any memorandum, report, paper, data compilation, or other record in any form, or any combination thereof." Code § 8.01-389(D).

4

absence of such evidence, the complaint is presumed to be accurate and we cannot hold the trial court abused its discretion in admitting it.[2]

Additionally, appellant contends the trial court erred in allowing the Commonwealth to refer to the assault complaint on rebuttal. "A trial court has broad discretion in the supervision of . . . closing argument." O'Dell v. Commonwealth, 234 Va. 672, 703, 364 S.E.2d 491, 509 (1987), cert. denied, 488 U.S. 871 (1988). "'This Court will not interfere with the exercise of this broad discretion unless it affirmatively appears that such discretion has been abused and that the rights of the complaining litigant have been prejudiced.'" Canipe v. Commonwealth, 25 Va. App. 629, 639, 491 S.E.2d 747, 752 (1997) (citation omitted). "'In rebuttal argument, a prosecutor has the right to answer the argument made by defense counsel and to refer to evidence and fair inferences suggested by the evidence touching the subjects covered by the adversary.'" Clark v. Commonwealth, 3 Va. App. 474, 483, 351 S.E.2d 42, 46 (1986) (citation and emphasis omitted) (prosecutor allowed to use statements of an individual not mentioned in defense counsel's closing for the purpose of rehabilitating witnesses attacked in closing).

---

[2]To the extent that appellant suggests the clerk should have certified both the authenticity of the record and that she had independent knowledge of the facts therein, this dual authentication argument was rejected in Owens, 10 Va. App. at 311, 391 S.E.2d at 607 ("Authentication is merely the process of showing that a document is genuine and that it is what its proponent claims it to be.").

In the instant case, the closing defense argument attacked Charles Spencer's identification of appellant as the person with whom he struggled and who attempted to steal his property. This clearly raised a claim of mistaken identity. On rebuttal, the Commonwealth was allowed to rehabilitate its eyewitness and answer the mistaken identity defense. It did so by reference to the criminal complaint, which tended to show appellant's presence at the Spencer home at the time of the break-in. Use of the complaint was not beyond the scope of rebuttal, and the trial court did not abuse its discretion. For the foregoing reasons, we affirm.

<u>Affirmed.</u>