COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Frank and Senior Judge Overton
Argued by teleconference


RONNIE ODELL BROOKS
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2714-03-1                     JUDGE ROBERT P. FRANK
                                                      FEBRUARY 15, 2005
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                          Christopher W. Hutton, Judge

             W. A. Maust for appellant.

             John H. McLees, Senior Assistant Attorney General (Jerry W.
             Kilgore, Attorney General, on brief), for appellee.


        Ronnie Odell Brooks, appellant, was convicted in a bench trial of driving while under the

influence of alcohol, third offense within ten years, in violation of Code § 18.2-266.  On appeal, he

contends that the trial court erred in accepting an unsigned circuit court order as proof of a prior

conviction.  Appellant concludes the evidence was insufficient to convict.  Finding no error, we

affirm the judgment of the trial court.

                                    BACKGROUND

        During appellant's trial, the Commonwealth sought to introduce two prior convictions for

driving under the influence.  Appellant challenges only the copy of a conviction order dated July 6,

1994 from the Circuit Court for the City of Hampton.  Stamped on the document was the following

notation:

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

> I certify that the document to which this authentication is affixed is a true copy of an original record in the Hampton Circuit Court, that I have custody of the record and I am the custodian of that record.

The stamped notation was signed by a deputy clerk of the court. The order itself bears neither the trial judge's signature nor the date. Appellant did not object to the admissibility of the document.

Appellant contended below that this unsigned order was insufficient to establish a prior conviction for purposes of an enhanced penalty.

He argued:

> On the '94 conviction, which apparently was a circuit court conviction, there's no signature on anything. It's just a page. There must be a second page or something, but without the Court's signature and the date it was entered, it's a defective order. It's one without any value to this case and I would object to that. I mean, I guess I'm not arguing that it's admissible because I really don't care whether you admit it or not. I'm just saying there's absolutely no value to it and you can't use it to elevate my client from a second to a third, I guess.

The trial court overruled appellant's objection.

## ANALYSIS

Appellant argues, on appeal, that in order to prove a prior conviction, the Commonwealth must present a conviction that complies with Code § 17.1-123(A). Otherwise, he claims, the copy of the conviction order is not authenticated and should not be afforded any weight by the fact finder. He contends the 1994 conviction "is no order at all." Essentially, he argues the evidence was insufficient to prove an element of the offense, i.e., a third or subsequent offense.

The Commonwealth responds that any competent evidence can be used as proof of a prior conviction for drunk driving. Citing Code § 8.01-389(A), it contends the certified copy of the July 6, 1994 conviction order was *prima facie* evidence of the conviction. We agree.

Appellant's entire argument focuses on Code § 17.1-123(A) which requires the judge's signature on any order recorded in the clerk's order book.

Code § 17.1-123(A) provides:

> All orders that make up each day's proceedings of every circuit court shall be recorded by the clerk in a book known as the order book. Orders that make up each day's proceedings that have been recorded in the order book shall be deemed authenticated when (i) the judge's signature is shown in the order, (ii) the judge's signature is shown in the order book, or (iii) an order is recorded in the order book on the last day of each term showing the signature of each judge presiding during the term.

Thus, appellant concludes that an order without a judge's signature on a duly certified copy of a conviction order introduced into evidence under Code § 8.01-389(A) may not be used as a prior conviction.

Appellant ignores the presumption of regularity. Absent evidence to the contrary, we presume that public officials properly discharged their official duties. See Gilmore v. Landsidle, 252 Va. 388, 396, 478 S.E.2d 307, 312 (1996); Crews v. Commonwealth, 18 Va. App. 115, 119, 442 S.E.2d 407, 409 (1994). That presumption holds in this case even though the order copied from the Hampton order book does not show the trial judge's signature. As in Seaton v. Commonwealth, 42 Va. App. 739, 757, 595 S.E.2d 9, 17 (2004), the presumption of regularity has not been rebutted. Therefore, we may presume the orders were properly recorded in the clerk's order book, including the judge's signature.

Code § 8.01-389(A) addresses the admissibility of judicial records. Code § 8.01-389(A) makes clear that the "records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as *prima facie* evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record." "All writings are subject to the requirement of authentication, which is the providing of an evidentiary basis sufficient for the trier of fact to conclude that the writing came from the source

claimed." Walters v. Littleton, 223 Va. 446, 451, 290 S.E.2d 839, 842 (1982). Under Code § 8.01-389, a judicial record may be authenticated by the written certification of the clerk of the court holding the record. See Owens v. Commonwealth, 10 Va. App. 309, 311, 391 S.E.2d 605, 606-07 (1990) (holding that written attestation by court clerk that a document was a certified copy of a court record "was sufficient to 'authenticate and certify' the document within the meaning of Code § 8.01-389").

The order in this case was authenticated and certified by the clerk. The stamp bears the signature of a deputy clerk. Once admitted into evidence, the certified copy, by operation of Code § 8.01-389(A), became *prima facie* evidence of the conviction contained therein. The trial court, having been presented with no rebuttal evidence, was entitled to find that the certified copy, as a true record, proved appellant's prior conviction.

Finally, appellant argues that the trial court could not take judicial notice of the prior unsigned order. Neither the trial court below, nor the Commonwealth on appeal, cites judicial notice as a basis for the trial court to recognize the validity of the prior order. We therefore need not address appellant's discussion of judicial notice. See Rule 5A:20(e).

### CONCLUSION

For the foregoing reasons, we find that the July 6, 1994 conviction order was properly authenticated by the clerk pursuant to Code § 8.01-389(A). Through that order the Commonwealth proved appellant's prior conviction. Accordingly, we affirm.

Affirmed.