COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Haley
Argued at Chesapeake, Virginia


DONALD JOSEPH CONLEY

MEMORANDUM OPINION[*] BY

v.        Record No. 2813-04-1        JUDGE JEAN HARRISON CLEMENTS
                                       DECEMBER 20, 2005

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
V. Thomas Forehand, Jr., Judge

Randolph D. Stowe (Randolph D. Stowe, P.C., on brief), for
appellant.

Eugene Murphy, Senior Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Donald Joseph Conley was convicted in a bench trial in the Chesapeake Circuit Court of

driving under the influence (DUI), third offense within five years, a felony in violation of Code

§§ 18.2-266 and 18.2-270(C)(1).  On appeal, Conley contends the trial court erred in admitting

into evidence two prior DUI conviction orders because they were not properly authenticated

under Code § 8.01-389(A).  Finding no error, we affirm the trial court's judgment and Conley's

conviction.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

The relevant facts are not in dispute. On June 1, 2004, a grand jury indicted Conley for DUI, third offense. At Conley's trial on June 28, 2004, the Commonwealth sought to introduce into evidence copies of conviction orders from the Chesapeake General District Court for Conley's two prior DUI convictions on February 18, 2004, and April 26, 2004, respectively. Both documents were stamped with the following notation:

> I certify that the document to which this authentication is affixed is a true copy of a record in the Chesapeake General District Court, that I have custody of the record and that I am the custodian of that record.
>
> 5 12 04        /s/  B. White_____
> Date      ( ) Clerk   ( ) Deputy Clerk

As indicated, the stamped notation on each document was signed by "B. White" and hand-dated May 12, 2004. However, neither the "Clerk" nor "Deputy Clerk" designation located below the signature line was checked on either document.

Conley objected to the admissibility of these documents on authentication grounds. He argued that B. White's failure to mark either the space for "Clerk" or "Deputy Clerk" gave no indication as to B. White's identity or the authority with which he or she signed the authentication notations on the documents.[1]

Finding that the stamped notation on each document was "the official stamp of the general district court," and concluding that it was "just a simple clerical oversight by the deputy clerk who did not check that box," the trial court overruled Conley's objection and admitted the documents into evidence. Conley made no further objection with respect to the court's decision to admit the two district court conviction orders.

---

[1] Conley did not contend the documents were not true and accurate copies.

The trial court subsequently convicted Conley of DUI, third offense. After conducting a sentencing hearing, the trial court imposed a penalty of five years' imprisonment, with three years suspended.

This appeal followed.

## II. ANALYSIS

On appeal, Conley contends the trial court erred in admitting the district court conviction orders into evidence because those documents were not authenticated for purposes of Code § 8.01-389(A). Conley asserts the documents were not properly authenticated because the person who signed the authentication notations stamped on the orders failed to indicate that he or she was the clerk of the district court or was authorized to sign the records on behalf of the clerk. Absent such an indication, Conley concludes, the documents were inadmissible to prove his prior convictions, meaning "the evidence of record can sustain nothing more than a misdemeanor (first offense) DUI." We disagree.

Code § 8.01-389(A) provides:

> The records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as prima facie evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record.

This statute establishes an exception to the hearsay rule provided that the judicial records sought to be admitted into evidence are properly authenticated. Taylor v. Commonwealth, 28 Va. App. 1, 11, 502 S.E.2d 113, 117 (1998) (en banc). Authentication is "the providing of an evidentiary basis sufficient for a trier of fact to conclude that the writing came from the source claimed." Walters v. Littleton, 223 Va. 446, 451, 290 S.E.2d 839, 842 (1982). Authentication also establishes that "a document is genuine and that it is what its proponent claims it to be." Owens v. Commonwealth, 10 Va. App. 309, 311, 391 S.E.2d 605, 607 (1990). A judicial record may be

authenticated within the meaning of Code § 8.01-389(A) by the written certification or attestation of the clerk of the court holding the record. Id.

The dispositive question in this case, therefore, is whether the DUI conviction orders from the Chesapeake General District Court were properly "authenticated . . . by the clerk" of the Chesapeake General District Court within the meaning of Code § 8.01-389(A). We hold that they were.

Without objection, the trial court took judicial notice that the authentication notation stamped on each of the subject conviction orders was "the official stamp of the [Chesapeake] general district court." See Taylor, 28 Va. App. at 7-8, 502 S.E.2d at 116 (finding that, although the trial court did not use the specific words "judicial notice," its ruling that a stamp on a document was the "official stamp" of the clerk's office indicated that the court took judicial notice, and holding that the taking of such judicial notice was not an abuse of discretion because the source of the stamp's "indisputable accuracy [was] so readily accessible" to the trial court that "a reasonably informed person would not have regarded the identity of the . . . stamp as reasonably subject to dispute"). Consistent with that finding, the signatory of the authentication notations certified that each document was "a true copy of a record in the Chesapeake General District Court" and that he or she had "custody of the record" and was "the custodian of that record."

Because the clerk of a district court is exclusively vested with the responsibility of "keep[ing] the records and accounts of [that] court," Code § 16.1-69.40, it is clear that the clerk of a district court and the deputy clerks who work for that clerk are the sole custodians of the records of that court. See Williams v. Commonwealth, 35 Va. App. 545, 557, 546 S.E.2d 735, 741 (2001) ("A 'custodian' is 'one entrusted officially with guarding and *keeping* (as property, artifacts, records).'" (emphasis added) (quoting Webster's Third International Dictionary 559

- 4 -

(1993))). It follows, therefore, that, as the stated "custodian" of the conviction orders from the Chesapeake General District Court, the signatory of the authentication notations on the copies of those orders was either the clerk of the Chesapeake General District Court or a deputy of that clerk. See also Code § 16.1-69.40 ("A record made in the performance of the clerk's official duties may be authenticated as a true copy by the clerk or by a deputy clerk . . . ."); Gilmore v. Landsidle, 252 Va. 388, 396, 478 S.E.2d 307, 312 (1996) ("In the absence of clear evidence to the contrary, this Court must presume that a public officer has properly discharged his official duties.").

Although Code § 8.01-389(A) specifically references only the "clerk of the court," we have recognized that, for purposes of determining whether a judicial record has been properly authenticated within the meaning of the statute, authentication of the record by a deputy clerk of the court is equivalent to authentication by the clerk of the court. See Owens v. Commonwealth, 10 Va. App. 309, 311, 391 S.E.2d 605, 606 (1990) (holding that the deputy clerk's signature on the stamped authentication notation "was sufficient to 'authenticate and certify' the document within the meaning of Code § 8.01-389"); see also Medici v. Commonwealth, 260 Va. 223, 230-31, 532 S.E.2d 28, 32-33 (2000) (holding that a California conviction order authenticated by a deputy clerk complied with Code § 8.01-389(A1)'s requirement that such a document be "authenticated by the clerk of the court"), overruled on other grounds by Townsend v. Commonwealth, 270 Va. 325, 619 S.E.2d 71 (2005); Carroll v. Commonwealth, 10 Va. App. 686, 691, 396 S.E.2d 137, 140 (1990) (holding that a document was not properly "authenticated" within the meaning of Code § 8.01-389 because nothing in the record showed that the signatory of the authentication notation on the document was the clerk *or the deputy clerk*). Thus, it is immaterial that the signatory of the authentication notations on the copies of the prior DUI conviction orders failed to check the box marked "Clerk" or "Deputy Clerk."

In Carroll, upon which Conley relies, the document at issue

> was not "certified and authenticated" by the clerk but by Peggy B. Elmore. Neither the document itself nor any other evidence in the record establishe[d] that Peggy B. Elmore [was] authorized by law to act in the place of the clerk. The order [did] not state that she [was] a deputy clerk, nor [did] it contain initials or other indicia to demonstrate that she [was] a deputy clerk. No evidence was presented to the trial court as to who Peggy B. Elmore [was] or whether she [was] authorized to act in place of the clerk.

10 Va. App. at 691, 396 S.E.2d at 140. Here, however, as discussed above, the authentication notations affixed to the prior DUI conviction orders indicated that the signatory of the authentication notations was either the clerk or a deputy clerk of the Chesapeake General District Court. Thus, unlike in Carroll, the instant record establishes that the signatory was the clerk or authorized to act in place of the clerk.

We hold, therefore, that the district court conviction orders offered by the Commonwealth were properly authenticated within the meaning of Code § 8.01-389(A) and were thus admissible under the statute as prima facie evidence of Conley's two prior DUI convictions. Accordingly, we affirm the trial court's judgment and Conley's conviction.

Affirmed.