COURT OF APPEALS OF VIRGINIA

Present:  Judges Kelsey, Haley and Petty
Argued at Alexandria, Virginia


DANILO ESTEBAN GUERARA-SANDOVAL

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0922-06-4                     JUDGE JAMES W. HALEY, JR.
                                                             AUGUST 7, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Lon E. Farris, Judge

(Robert P. Coleman; Stephens, Boatwright, Primeau, Cooper &
Coleman, PC, on brief), for appellant.  Appellant submitting on
brief.

Benjamin H. Katz, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Convicted among other charges of one count of possession of a firearm by a convicted

felon in violation of Code § 18.2-308.2,[1] Danilo Esteban Guerara-Sandoval ("appellant")

maintains that the trial court erred in admitting into evidence certain exhibits documenting that

predicate conviction.  We affirm.

STATEMENT OF FACTS

At trial, the Commonwealth sought to establish appellant's prior felony conviction by

offering into evidence three documents:  (1) a computer printout of the criminal record of a

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted on counts of first-degree murder, Code § 18.2-32, and use
of a firearm in the commission of a felony, Code § 18.2-53.1.  Appellant was sentenced to a total
active sentence of seventy years on the three charges.

"Danico Guevara" from the VCIN/NCIC database (Exhibit 23); (2) an order of conviction from the Superior Court of Hudson County, New Jersey (Exhibit 24); and (3) an "Accusation" from the same jurisdiction (Exhibit 25).  Each will be described seriatim.

<u>The NCIC Printout (Exhibit 23)</u>

Using the primary name "Guevara, Danico," the relevant portion of the document indicated an arrest date of "10/14/1988" and a disposition date of "11/13/1989."  The case was tried in the "HUDSON CO SUPERIOR COURT," the disposition was "GUILTY" and noted a "FELONY CONVICTION" for "COCAINE-POSSESS" under "NJ2C35-10A1."  The printout further refers to "INDICTMENT/ACCUSATION NO: A41-89."  The relevant entry also noted that the defendant received three years of probation, a six-month suspension of his driver's license, credit for 27 days served in jail, and fines totaling $1,330.  The document lists a number of aliases, including "Danilo Esteban G. Sandoval," "Danilo E. Guerara Sandoval," and "Danico E. Guevara."  Finally, the NCIC printout contains the following language referring to the criminal records of the State of New Jersey:  "THIS RECORD IS CERTIFIED AS A TRUE COPY OF THE CRIMINAL HISTORY RECORD INFORMATION ON FILE FOR THE ASSIGNED STATE IDENTIFICATION NUMBER."

The testimonial foundation for this exhibit came from Officer Kenneth Michael Woods, a 23-year veteran of the Prince William County Police Department:

> Q:    Officer Woods, let me just show you this printout and ask if you know what that is?
> A:    That's what we call a CCH or Computerized Criminal History.
> Q:    How do you obtain that?
> A:    They're run through the VCIN Teletype Network through Virginia Crime Information Network.
> Q:    Does it also access NCIC, the national network?
> A:    Yes, sir.  Once it checks through Virginia, it checks through NCIC.

Q: And are these reports generated in that fashion something relied on in a routine course of duties that the police do in the course of investigations?
A: Yes, sir.

## Superior Court, Hudson County, New Jersey Order of Conviction (Exhibit 24)

This document was a copy of a judgment of conviction in the Superior Court of Hudson County, New Jersey for "Danico Guevara," listing the charge as "Poss. CDS" under statute "2C:35-10a(1)." The document recites there was a "GUILTY PLEA" to "Indictment No. ACC. 41-89." The date of sentencing is listed as "November 13, 1989," and the disposition was a term of probation of three years, a six-month suspension of the defendant's driver's license, restitution totaling $1,330, and credit for 27 days spent in custody. Thus, the jurisdiction and title of the court, the New Jersey statute, the accusation number, and the date and disposition of the charge all correspond to the NCIC printout. The order of conviction was stamped with a raised seal and with a certification reading, "I, Joseph F. Davis, Deputy Clerk of the Superior Court of New Jersey, County of Hudson, do hereby certify that the foregoing is a true and correct copy of the original on file in my office." This stamp was followed by the clerk's signature, his title, and the date of "12/07/05."

## Accusation from Superior Court of Hudson County, New Jersey (Exhibit 25)

This exhibit was a document entitled "ACCUSATION" charging "Danico E. Guevara" with "possession of C.D.S. (Cocaine)" in violation of New Jersey statute "2C:35-10(a)(1)." The accusation is numbered "41-89" and was returned in the Superior Court of Hudson County, New Jersey on February 2, 1989. Thus, the accusation corresponds to both the NCIC printout and the order of conviction with respect to appellant's name (with the exception of the middle initial), the jurisdiction and title of the court, the accusation number, the New Jersey statute, the description of the charge, and pre-dates the date of conviction. Included with the accusation is a

"Complaint" on which is noted that Danico Guevara is "a fugitive from justice from the State of Virginia." Affixed to the document is the same certification referred to in Exhibit 24.

Testifying in his own defense, appellant stated the following:

Q. Sir, you are a convicted felon. You have been convicted of
one or more felonies, haven't you?
A. Yes.
Q. How many felonies have you been convicted of?
A. I don't know. I don't know. It's in my record. . . . You
saw my record.
Q. Do you understand my question? The question is: Do you
know how many felonies you've been convicted of?
A. One.

Appellant also testified that he had a gun on the day in question but claimed that he "didn't

realize . . . that [he] was not supposed to carry a gun" as a convicted felon.

STANDARD OF REVIEW

The "[d]ecisions regarding the admissibility of evidence lie within the trial court's sound

discretion and will not be disturbed on appeal absent an abuse of discretion." Michels v.

Commonwealth, 47 Va. App. 461, 465, 624 S.E.2d 675, 678 (2006) (citation omitted). "[W]e do

not review such decisions *de novo*." Thomas v. Commonwealth, 44 Va. App. 741, 753, 607

S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). Rather,

upon review, it is "[o]nly when reasonable jurists could not differ can we say an abuse of

discretion has occurred." Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689

(2006) (citation omitted).

ANALYSIS

I.

On brief, appellant sets forth as the "Statement of Questions Presented" the following:

"The criminal history reports from New York and New Jersey offered by the Commonwealth to

establish that appellant was a convicted felon contained numerous errors and lacked a proper

- 4 -

certificate of authenticity in violation of the 'Best Evidence Rule' as interpreted by Virginia case law."

Initially we note that nowhere in the appendix designated by appellant, or elsewhere in the trial transcript, is the phrase "Best Evidence Rule," or the evidentiary proposition that phrase describes, mentioned. Rule 5A:18 requires that "a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*). See also Thomas, 44 Va. App. at 750, 607 S.E.2d at 742 ("Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do something about it.").[2] Accordingly we do not address any portion of the question presented based upon the "Best Evidence Rule."

Rather, we address the objections appellant actually made at trial:

> My objection is twofold with respect to [Exhibits 24 and 25] standing alone. One, the defendant is identified as Danilo Guerara [sic]. That's not – our defendant today is Danilo Esteban Guerera Sandoval, so I would submit that it's not the same person and not, therefore, relevant.
> Secondly, the documents, even construed together . . . don't recite this is a felony conviction in New Jersey.
>
> * * * * * * *
>
> And I would object to [Exhibit 23] on several grounds: One, it's hearsay. Two, it's not authenticated. Three, it is riddled with qualifications.

---

[2] We likewise do not address "criminal history report(s) from New York" mentioned in the question presented, since no such report was relied upon by the trial judge in finding a predicate conviction, and Exhibits 23, 24, and 25, here challenged on appeal, deal with a New Jersey conviction.

- 5 -

II.

Exhibit 23

In <u>Frye v. Commonwealth</u>, 231 Va. 370, 345 S.E.2d 267 (1986), the Virginia Supreme

Court addressed hearsay and NCIC records, which that Court analogized to "business records."

> In certain cases, where verification of the recorded facts is not
> possible through the personal knowledge of the record
> keeper, practical necessity nevertheless requires admission of
> recorded evidence which has a circumstantial guarantee of
> trustworthiness; this guarantee is provided where evidence shows
> the regularity of the preparation of the records and reliance on
> them by their preparers or those for whom they are prepared.  The
> NCIC printout, therefore, also comes within the exception.

<u>Id.</u> at 387, 345 S.E.2d at 279-80 (citations omitted).

The testimony of Officer Woods that Exhibit 23, the NCIC report, is one generated "in

the routine course of duties" provides the foundation for its admission over a hearsay objection,

in accordance with <u>Frye</u>.

Appellant next argues that the NCIC printout was not "authenticated."  In <u>Owens v.</u>

<u>Commonwealth</u>, 10 Va. App. 309, 391 S.E.2d 605 (1990), we held that "[a]uthentication is

merely the process of showing that the document is genuine and that it is what its proponent

claims it to be."  <u>Id.</u> at 311, 391 S.E.2d at 607 (citing C. Friend, <u>The Law of Evidence in Virginia</u>

§ 180 (3d ed. 1988)).  To the extent that appellant means a formal "certification" by his use of

the word "authentication," and assuming but not deciding that such a certification is a necessary

condition precedent to the admission of a NCIC record, we agree with the analysis of the trial

court on the point:

> THE COURT:　　There does appear to be a certification
> which I think takes care of the
> authentication process.  It says this record is
> certified as a true copy of criminal history
> record information on file for the assigned
> state identification number.

Appellant's final argument is that Exhibit 23 is "riddled with qualifications." Such an argument addresses the weight, not the admissibility, of the document. See Pelletier v. Commonwealth, 42 Va. App. 406, 422, 592 S.E.2d 382, 390 (2004) ("We do not evaluate the weight of evidence on appeal; that function resides with the trier of fact."); Tarmac Mid-Atlantic v. Smiley Block Co., 250 Va. 161, 167, 458 S.E.2d 462, 466 (1995).

We conclude Exhibit 23 was properly admitted into evidence.

III.

Exhibits 24 and 25

The "Statement of Questions Presented" includes the assertion that the "criminal history reports from . . . New Jersey . . . lacked a proper certificate of authenticity . . . ." However, as with the claim of a violation of the "Best Evidence Rule," that objection was never made to the trial court, as is demonstrated by the exchange between counsel and the trial court quoted above. Thus, any question of authenticity or certification of Exhibits 24 and 25 is likewise defaulted pursuant to Rule 5A:18.

However, a generous parsing of the "Statement of Questions Presented," concentrating upon the words "numerous errors" therein, and in conjunction with counsel's objection at trial, suffice pursuant to Rule 5A:12(c) and Rule 5A:18 to raise the question of their admissibility for our consideration.

Counsel objected to their admissibility on two grounds. First, that Exhibits 24 and 25 do not show that appellant is the same individual referred to in them and, accordingly, are not "relevant." Second, even if they do refer to the appellant, they do not "recite this is a felony conviction in New Jersey."

Responding to counsel's two objections, the trial court concluded, "I think your argument . . . goes more to the weight to whether or not it is sufficient to convict." We agree.

- 7 -

All evidence "however remote or insignificant, that tends to establish the probability or improbability of a fact in issue, is factually relevant and admissible." Epperly v. Commonwealth, 224 Va. 214, 230, 294 S.E.2d 882, 891 (1982). See also Walker v. Commonwealth, 258 Va. 54, 68, 515 S.E.2d 565, 573 (1999); Barnes v. Commonwealth, 33 Va. App. 619, 626, 535 S.E.2d 706, 710 (2000). Meeting that standard, Exhibits 24 and 25 were admissible.

IV.

Rule 5A:12(c) "provides that only questions presented in the petition for appeal will be noticed by the Court of Appeals. Further, unlike Rule 5A:18, Rule 5A:12 contains no 'good cause' or 'ends of justice exception.'" Selph v. Commonwealth, 48 Va. App. 426, 434, 632 S.E.2d 24, 28 (2006) (citations omitted). Appellant's Statement of Questions Presented does not maintain that the evidence was insufficient for his conviction; rather, it maintains the evidence on which that conviction was based was improperly admitted. We have determined that Exhibits 23, 24, and 25 were properly admitted. Therefore, we do not address whether that evidence was sufficient for conviction.

Affirmed.

Petty, J., concurring.

I concur in the result reached by the majority, and I join in Parts I, II, and IV of the opinion. I write separately, however, because I believe that Rules 5A:18 and 5A:12 require us to decline to consider the issue discussed in Part III of the opinion.

As the majority notes, Guerara-Sandoval's question presented challenged the trial court's decision to admit into evidence the New Jersey charging document and the order of conviction (Exhibits 24 and 25) because they "contained numerous errors and lacked a proper certificate of authenticity in violation of the 'Best Evidence Rule' as interpreted by Virginia case law." However, as the majority also correctly points out, the only objections to the exhibits made to the trial court were (1) that the documents were not relevant because the name of the defendant was different from that of appellant; and (2) the documents did not recite that the offense was a felony. While the majority recognizes appellant failed to raise an objection in the trial court based on the best evidence rule, it agrees to address the "objections appellant actually made at trial."

Rule 5A:12(c) prevents this Court from considering matters not included in an appellant's list of questions presented. I cannot agree that the phrase "contained numerous errors," no matter how it is parsed, can be considered to encompass the relevancy objection made at trial. Having concluded that consideration of the question presented is barred under Rule 5A:18, I do not believe that we may then proceed to address objections made at trial but not included in the questions presented. Therefore, I would decline to consider the issues addressed in Part III and affirm the judgment of the trial court.