COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Frank and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


MICHAEL GEORGIAN THOMPSON

                                                   MEMORANDUM OPINION[*] BY
v.        Record No. 2549-08-1           CHIEF JUDGE WALTER S. FELTON, JR.
                                                          JULY 14, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                            Wilford Taylor, Jr., Judge

            Charles E. Haden for appellant.

            Alice T. Armstrong, Assistant Attorney General (William C. Mims,
            Attorney General, on brief), for appellee.


        The Circuit Court of the City of Hampton ("trial court") found that Michael Georgian

Thompson ("appellant") violated the terms of his probation by attempting to possess more than five

pounds of marijuana in violation of Code § 18.2-248.1.  On appeal, appellant contends the trial

court erred in admitting into evidence copies of conviction and sentencing orders on an attempted

possession of marijuana charge from the Circuit Court of New Kent County.  We disagree.

        The pertinent facts are not in dispute.  The trial court convicted appellant of distribution of

cocaine and sentenced him to five years incarceration on March 25, 2003.  It suspended four years

of that sentence for five years, conditioned on his good behavior.  Following his release from

incarceration, appellant was convicted on September 11, 2007 of attempted possession of marijuana

by the Circuit Court of New Kent County.  At his October 22, 2008 probation violation hearing, the

Commonwealth offered copies of the New Kent County conviction and sentencing orders into

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence over appellant's objection. The orders were stamped "A Copy Teste: Karen A. Butler, Clerk" and undersigned by the deputy clerk. The trial court found that appellant violated the terms of his probation and imposed the balance of his previously suspended sentence, thereafter suspending part of the reimposed sentence.

Appellant contends the trial court erred in admitting the New Kent County conviction and sentencing orders, arguing that they were not authenticated as required by Code § 8.01-391.

We have previously held, "[Code § 8.01-391] is not the statute that controls admissibility of court records." Slater v. Commonwealth, 15 Va. App. 593, 596, 425 S.E.2d 816, 818 (1993).

> The statute which deals with the admission of judicial records as evidence is Code § 8.01-389, which provides that "[t]he records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as prima facie evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record."

Owens v. Commonwealth, 10 Va. App. 309, 310-11, 391 S.E.2d 605, 606 (1990) (quoting Code § 8.01-389) (alteration in original).

In Owens, as here, appellant objected to the admissibility of a copy of a conviction order at his probation violation hearing. He argued that the judicial conviction order had not been properly authenticated. There, this Court held that a "conviction order . . . stamped 'A COPY, TESTE: WILLIAM T. RYAN, CLERK' and undersigned by the deputy clerk," absent any "indication of alteration," was "sufficient to 'authenticate and certify' the document within the meaning of Code § 8.01-389." Id. at 311, 391 S.E.2d at 606; see also id. at 311, 391 S.E.2d at 607 ("terms 'authenticated' and 'certified' are basically synonymous" under Code § 8.01-389).

A nearly identical certification appeared on the conviction and sentencing orders at issue here. There is no indication of any alteration in the orders attested. Accordingly, we find that

the trial court did not err in finding that the orders had been properly authenticated and receiving them as evidence.  Accordingly, we affirm the judgment of the trial court.

Affirmed.