COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia

DARREN D. SNOWDEN

v.        Record No. 1570-12-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROSSIE D. ALSTON, JR.
OCTOBER 29, 2013

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles E. Poston, Judge

Elizabeth M. Wood for appellant.

Aaron J. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

Darren D. Snowden (appellant) appeals his conviction of failing to appear in violation of

Code § 19.2-128.  On appeal, appellant argues that the circuit court "erred when it overruled

Appellant's objection to the entry of all of the Commonwealth's exhibits in the second trial."

Finding no error, we affirm.

I.  Background

On November 22, 2011, Investigator William Lee of the Norfolk Police Department

served appellant with a warrant of arrest for grand larceny.  On December 6, 2011, appellant

signed a recognizance agreeing to appear for his preliminary hearing in the Norfolk General

District Court on December 28, 2011, on the grand larceny charge.  Appellant did not appear in

the general district court on December 28, 2011, and at some point thereafter, the general district

court issued a warrant for appellant's arrest, citing him for failing to appear in violation of Code

§ 19.2-128.  The Norfolk Circuit Court grand jury indicted appellant on both the grand larceny

and failure to appear charges on March 21, 2012.

A bench trial on appellant's failure to appear charge commenced on May 17, 2012, at which the Commonwealth offered into evidence the warrant for appellant's arrest on the grand larceny charge. Appellant did not object. Next, the Commonwealth offered a certified copy of the subpoena summoning Investigator William Lee of the Norfolk Police Department to appellant's December 28, 2011 preliminary hearing. The trial court admitted the subpoena into evidence over appellant's objection to its authenticity. Appellant argued that the subpoena was not properly authenticated or certified because the subpoena was issued by the general district court but certified by the circuit court clerk. The trial court also admitted a certified copy of the December 6, 2011 recognizance signed by appellant and a certified copy of the warrant for appellant's arrest for failure to appear at the December 28, 2011 preliminary hearing, over appellant's same objections to authenticity.

At the conclusion of the trial, the trial court found appellant guilty of failure to appear. Appellant filed his notice of appeal on September 6, 2012. On September 26, 2012, the trial court entered a sentencing order sentencing appellant to seven months' incarceration with all seven months suspended. This appeal followed.

II. Analysis

On appeal, appellant argues that the trial court erred in admitting the Commonwealth's exhibits over his objections because Code § 8.01-389 requires certification by the clerk of the court "where preserved to be a true record." Appellant contends that, because the Commonwealth's exhibits originated in the general district court, they must have been certified by the general district court clerk, not the circuit court clerk, to be admissible.

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Bell v. Commonwealth, 49 Va. App. 570, 576, 643 S.E.2d 497, 500 (2007) (quoting Blain v.

Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)). "An issue of statutory interpretation presents a pure question of law, which we review de novo on appeal." Young v. Commonwealth, 273 Va. 528, 533, 643 S.E.2d 491, 493 (2007) (citing Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)). "We determine the meaning of certain statutory language from the express words contained in the statute." Id. (citing Washington v. Commonwealth, 272 Va. 449, 454, 634 S.E.2d 310, 313 (2006); Alger v. Commonwealth, 267 Va. 255, 259, 590 S.E.2d 563, 565 (2004); Tucker v. Commonwealth, 268 Va. 490, 493, 604 S.E.2d 66, 68 (2004)).

"'As a general rule, no writing may be admitted into evidence unless and until it has been "authenticated" . . . ." Proctor v. Commonwealth, 14 Va. App. 937, 938, 419 S.E.2d 867, 868 (1992) (quoting Charles E. Friend, The Law of Evidence in Virginia § 180 (3d ed. 1988)). "Authentication is merely the process of showing that a document is genuine and that it is what its proponent claims it to be." Owens v. Commonwealth, 10 Va. App. 309, 311, 391 S.E.2d 605, 607 (1990) (citing Friend, supra § 180; Fed. R. Evid. 901).[1]

Code § 8.01-389(A) provides that "[t]he records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as prima facie evidence provided that such records are certified by the clerk of the court *where preserved* to be a true record. . . ." (Emphasis added). Code § 8.01-389(F) provides that "certification of any record pursuant to this section shall automatically authenticate such record for the purpose of its admission into evidence in any trial, hearing, or proceeding." Under Code § 8.01-389, a judicial record may be authenticated by the written certification of the clerk of the court holding the record. Owens, 10 Va. App. at 311, 391 S.E.2d at 606-07.

---

[1] The codified Virginia Rules of Evidence were not in effect at the time of appellant's trial and so do not apply. However, Rule 2:901 provides: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the thing in question is what its proponent claims."

Appellant argues that "preserved" means "originated" and therefore, because the subpoenas and recognizance related to appellant's grand larceny trial originated in the general district court, the documents must have been certified by the general district court clerk to be properly authenticated and admissible pursuant to Code § 8.01-389(A) and (F). The Commonwealth however, argues that the records may be authenticated and certified by the court holding the record. Code § 16.1-69.55 provides that "[i]n felony cases which are certified to the grand jury, all documents shall be certified to the clerk of the appropriate circuit court . . . ." Thus, following a felony indictment, as in this case, the general district court must have certified its records to the circuit court and at that point, the circuit court became the court where the records "are preserved to be a true record." Code § 8.01-389(A).

We agree with the Commonwealth's argument and hold that the records were properly certified by the circuit court clerk. "'[I]n the absence of evidence to the contrary, the court may presume that public officers have properly discharged their official duties.'" Crews v. Commonwealth, 18 Va. App. 115, 119, 442 S.E.2d 407, 409 (1994) (quoting Robertson v. Commonwealth, 12 Va. App. 854, 856-57, 406 S.E.2d 417, 418 (1991)). Therefore, we presume that the records from the general district court were certified to the circuit court as provided by Code § 16.1-69.55(A)(2) when appellant's felony charges were certified to the grand jury. Thus, following a felony indictment, the district court certifies its records to the circuit court and the records become a part of the circuit court's file. At the point when the records were certified to the circuit court, the circuit court became the court where the records were preserved.[2] Therefore, the circuit court clerk was the proper authority to certify the records. As a result, the

---

[2] For purposes of Code § 8.01-389, we hold that "preserved" means to hold or maintain. Thus, we reject the appellant's argument that "preserved" means where the records originated.

records were properly authenticated under Code § 8.01-389(A) when the circuit court clerk certified them and admissible as evidence pursuant to Code § 8.01-389(F).

For these reasons, we hold that the circuit court did not err in admitting the records.

<u>Affirmed.</u>