COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Kelsey and McClanahan
Argued at Richmond, Virginia


BOBBY JASPER, S/K/A
 BOBBY JASPAR
                                                          OPINION BY
v.       Record No. 1120-06-2                    JUDGE LARRY G. ELDER
                                                           MAY 22, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUISA COUNTY
Timothy K. Sanner, Judge

(Steven Shareff, on brief), for appellant. Appellant submitting on
brief.

Leah A. Darron, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Bobby Jasper (appellant) appeals from his bench trial conviction for the felony of

reckless driving while his license was revoked after having twice been convicted of driving

under the influence.[1]  On appeal, he contends the trial court erred in admitting his Department of

Motor Vehicles (DMV) transcript, over his Confrontation Clause objection, to prove that his

license had been revoked and that he had notice of the revocation.  We hold the admission of

appellant's DMV transcript did not violate the Confrontation Clause, and we affirm.

I.  BACKGROUND

At about 5:45 p.m. on August 26, 2005, Louisa County Sheriff's Corporal Christopher

Powell observed appellant driving a Ford Tempo on Route 250.  Corporal Powell "knew that

from a previous arrest back in July of [appellant], . . . he was suspended or revoked, DUI

---

[1] Appellant also was convicted of eluding a law enforcement officer, but he does not
challenge that conviction in this appeal.

related." Corporal Powell activated his lights and followed behind appellant's vehicle. Appellant did not stop immediately but eventually pulled over and exited his vehicle, and Corporal Powell took him into custody.

Appellant was indicted for "feloniously driv[ing] or operat[ing] a motor vehicle on the highway in a manner that endangered the life, limb, or property of another after his driver's license or privilege to drive had been revoked based on a conviction of driving while intoxicated, 2nd offense."

At trial for the offense on January 26, 2006, the Commonwealth offered into evidence appellant's Department of Motor Vehicles (DMV) "Transcript of Driver History Record as of 2006/01/24." The transcript showed it was requested by "CA RD Short," which appellant represents on brief was Commonwealth's Attorney R.D. Short. It also contained the following printed information: "***Attention: Revoked DUI 2nd 46.2-391***", "***Notice of Suspension/Revocation Received***", and "Driver License Status: Revoked." It showed a conviction for second offense driving under the influence rendered on October 19, 2001, with a concomitant license suspension of three years. It also showed a suspension for an "indefinite" period effective July 19, 2004, based on "ct order fail to pay fine," "conviction: 2001/10/19 Circuit Ct Charlottesville City," "Notified: 2001/10/19 by Court DC225."

The transcript contained the following attestation clause:

> This is to certify, in accordance with Section 46.2-215 of the Code of Virginia, that this machine produced transcript, transmitted by electronic means to CA RD Short is an accurate depiction of the driving record of Jasper, Bobby, DL No [as listed], as maintained by the Virginia Department of Motor Vehicles as of [2006/01/24]; and that all notice of orders indicating personal delivery to the driver were sent and received by the driver pursuant to Section 46.2-416 of the Code of Virginia.
>
> Demerst B. Smit
> Commissioner

Appellant objected to admission of the DMV transcript on the ground that its contents were "testimonial" hearsay under Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). He argued as follows:

> [U]nder the narrowest construction of . . . Crawford, the core class of testimonial statements would include affidavits and any similar pretrial statements a declarant would reasonably expect would be used prosecutorially. . . . This is obviously an attestation of somebody out of court that certain records were reported to it and were accurate, rather than the actual records of the revocation and of the--this is obviously an out-of-court statement by a . . . declarant. And . . . obviously it is something [that] would reasonably [be] expected to be used prosecutorially. That's what these are for obviously. So for these reasons, based on [Crawford,] we say that this is testimonial and we would ask the Court to exclude it.

The trial court overruled the objection, briefly describing the holding in Crawford and reasoning as follows:

> The Court has seen no case where [Crawford's statements about testimonial hearsay] have been applied to the official records of the Commonwealth, in this case the Department of Motor Vehicles. . . . The matters that would be the subject of the substance of this record would generally be in two categories. One, court documents showing various court dispositions in which the defendant would have been present or had the opportunity to be present or the official acts of the Department of Motor Vehicles and their records, which the Court finds to be fundamentally different than the concern that was addressed in Crawford of a wife's statement being used against her husband . . . . So based upon those reasons the Court will overrule the Crawford objection . . . .

The trial court convicted appellant of the charged offense, and after sentencing, he noted this appeal.

## II. ANALYSIS

Appellant's conviction for violating Code § 46.2-391, as charged in the indictment, required proof, *inter alia*, that appellant committed the act of driving at issue "after his driver's license or privilege to drive had been revoked based on a conviction of driving while intoxicated,

2nd offense." Appellant challenges, on Confrontation Clause grounds, the admission into evidence of his DMV driving transcript to prove both that his license had been revoked and that he had notice of that revocation.[2]

The Confrontation Clause of the Sixth Amendment to the United States Constitution, a "procedural guarantee" that also "applies to state prosecutions," Michels v. Commonwealth, 47 Va. App. 461, 466, 624 S.E.2d 675, 678 (2006), provides that, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him," U.S. Const. amend. VI. The United States Supreme Court's 2004 decision in Crawford, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177, clarified the test for "determining whether the admission of hearsay," an out-of-court statement offered to prove the truth of the matter asserted, "violates the accused's right[s] under the Confrontation Clause." Horton v. Allen, 370 F.3d 75, 83 (1st Cir. 2004). "[W]hen the declarant appears for cross-examination at trial," stated the Court, "the Confrontation Clause places no constraints at all on the use of his prior . . . statements." Crawford, 541 U.S. at 59 n.9, 124 S. Ct. at 1369 n.9, 158 L. Ed. 2d at 197 n.9. However, if the declarant does not appear for trial and the statement is testimonial in nature, "the Sixth Amendment demands what the common law required: [proof of the] unavailability [of the declarant] and a prior opportunity for cross-examination." Id. at 68, 124 S. Ct. at 1374, 158 L. Ed. 2d at 203.

---

[2] The Commonwealth contends appellant failed to preserve for appeal his claim that the transcript was not admissible to prove he received notice of the revocation. However, in the trial court, appellant objected to the admission of the DMV transcript in its entirety on the ground that its contents were testimonial hearsay, and he specifically mentioned "the actual records of revocation." We hold this objection was sufficiently specific to cover the two facets of the revocation issue he addresses in his appeal. See Rule 5A:18. Not at issue in this appeal, however, is the *sufficiency* of the contents of the transcript to prove the fact that appellant's license was revoked or suspended at the time he committed the charged offense or that he received notice of the revocation or suspension.

The Supreme Court has held the term "testimonial" "applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a formal trial; and to police interrogations," id., and that it does not apply to business records, a category of evidence routinely admitted as an exception to general hearsay rules, id. at 56, 124 S. Ct. at 1367, 158 L. Ed. 2d at 195-96. As to hearsay evidence falling between these two poles, lower courts, including our own, have examined specific types of hearsay documents on a category-by-category basis to determine whether they are testimonial or non-testimonial for Confrontation Clause purposes. See, e.g., Anderson v. Commonwealth, 48 Va. App. 704, 714-16, 634 S.E.2d 372, 376-77 (2006) (holding provision in Code § 19.2-187.01 authorizing trial court to receive duly attested certificate of analysis performed by certain laboratory facilities as prima facie evidence of chain of custody of material tested does not violate Confrontation Clause because "chain-of-custody inference" is non-testimonial).

Decisions regarding the admissibility of evidence generally "'lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of [that] discretion.'" Breeden v. Commonwealth, 43 Va. App. 169, 184, 596 S.E.2d 563, 570 (2004) (quoting Mitchell v. Commonwealth, 25 Va. App. 81, 85, 486 S.E.2d 551, 553 (1997)). However, whether a particular category of proffered evidence is "'testimonial hearsay' . . . is a question of law reviewed *de novo* by this Court." Michels, 47 Va. App. at 465, 624 S.E.2d at 678.

We believe the rationale we employed in Michels controls the outcome of this appeal. Michels involved multiple convictions for obtaining money by false pretenses, based on the defendant's claim that he owned an existing limited liability company (LLC) incorporated in Delaware and that he would use money he solicited from the victim to form a second LLC in that same state. 47 Va. App. at 464-65, 624 S.E.2d at 677. At trial, over appellant's Crawford objection, the trial court admitted into evidence two documents from the Delaware Secretary of

State certifying that a search of Delaware's LLC records indicated the two entities were not limited liability companies licensed in Delaware.  Id. at 465, 624 S.E.2d at 677.

In affirming the trial court's admission of the certificates, we reviewed the relevant portions of Crawford, noting that while the Court "did not define the scope of what evidence is 'testimonial,' [it] indicated that business records are not testimonial 'by their nature.'"  Id. at 466, 624 S.E.2d 678 (quoting Crawford, 541 U.S. at 56, 124 S. Ct. at 1367, 158 L. Ed. 2d at 195-96).  We also noted Chief Justice Rehnquist's observation in his concurring opinion that "'the Court's analysis of "testimony" excludes at least some hearsay exceptions, such as business records and official records.  To hold otherwise would require numerous additional witnesses without any apparent gain in the truth-seeking process.'"  Id. (quoting Crawford, 541 U.S. at 76, 124 S. Ct. at 1378, 158 L. Ed. 2d at 208 (Rehnquist, C.J., concurring) (citation omitted)).

We reviewed decisions from "several of our sister courts" that determined "documents establishing the existence or absence of some objective fact, rather than detailing the criminal wrongdoing of the defendant, are not 'testimonial.'"  Id. at 467-68, 624 S.E.2d at 678-79.  We noted the distinction made by these courts between "'out-of-court statements by witnesses who would have testified at trial to past events or facts, but are attempting to testify *ex parte* through an affidavit in lieu of live testimony'" and "'affidavits . . . provided solely to verify the chain of custody and authenticity of the underlying documentary evidence.'"  Id. at 467, 624 S.E.2d at 678 (quoting People v. Shreck, 107 P.3d 1048, 1060-61 (Colo. Ct. App. 2004)).  As to the latter category of cases, we accepted the courts' reasoning that, "'"[g]enerally, the witness's demeanor is not a significant factor in evaluating foundational testimony relating to the admission of evidence such as laboratory reports, invoices, or receipts, where often the purpose of this testimony is simply to authenticate the documentary material . . . ."'"  Id. at 468, 624 S.E.2d at 679 (quoting People v. Johnson, 18 Cal. Rptr. 3d 230, 233 (Cal. Ct. App. 2004) (quoting People

v. Arreola, 875 P.2d 736, 744 (Cal. 1994))).  Finally, although Crawford mentioned as a factor

for consideration whether the document at issue was prepared in anticipation of litigation, we

held such documents are not testimonial when they merely pertain to or summarize "'a class of

documents that were not prepared for litigation.'"  Id. at 469, 624 S.E.2d at 679 (quoting United

States v. Cervantes-Flores, 421 F.3d 825, 833 (9th Cir. 2005)).

Ultimately, we held the documents certified by the Delaware Secretary of State were "not

testimonial for two reasons."  Id. at 469, 624 S.E.2d at 680.  First, we held,

> the certificates are not by their nature accusatory and do not
> describe any criminal wrongdoing of [the defendant].  Rather they
> are a neutral repository of information that reflects the objective
> results of a search of public records. . . .  [They] certif[y] that a
> search has been conducted and particular records do not exist.

Id. at 469-70, 624 S.E.2d at 680.  Second, we held,

> the documents do not resemble *ex parte* communications, "the
> principal evil at which the Confrontation Clause was directed."
> Crawford, 541 U.S. at 50[, 124 S. Ct. at 1363, 158 L. Ed. 2d at
> 192]. . . .  While the certificates were requested by a law
> enforcement officer, the reports were prepared in a non-adversarial
> setting in which "the factors likely to cloud the perception of an
> official engaged in the more traditional law enforcement functions
> of observation and investigation of crime are simply not present."
> [State v.] Dedman, 102 P.3d [628,] 635 [(N.M. 2004)].  The
> Delaware Secretary of State was not asked questions regarding [the
> defendant] nor was she probed for information about [him] based
> on her personal knowledge.  Rather, an officer requested that she
> prepare a document certifying the results of a routine search of
> business records, as is done for any number of reasons.

Id.  Thus, we held the trial court in Michels did not err in admitting the certificates over the

defendant's Confrontation Clause objection.

In appellant's case, like in Michels, the challenged document was generated as a result of

a request by law enforcement personnel for a search of certain public records.  Although Michels

involved a certification of an *out-of-state* official regarding an *absence* of certain records

whereas appellant's case involved the certification of an *in-state* official regarding the *existence*

of certain records, we hold these distinctions lack legal significance.  In both cases, the person completing the certification was the custodian of the records searched, and the underlying records were not created in anticipation of the litigation in which a summary of their contents was offered into evidence.  Thus, here, as in Michels, the admission of the challenged document did not violate appellant's Confrontation Clause rights.

III.

For these reasons, we hold the admission of appellant's DMV transcript did not violate the Confrontation Clause, and we affirm the challenged conviction.

Affirmed.