## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Stuart B. Dickens

July 18, 2007

Case No. CR05000929-01

BY JUDGE ALFRED M. TRIPP

The purpose of this letter is to set forth the Court's ruling on the Defendant's Motion for Rehearing filed in the captioned matter.

*Background*

The Court conducted a Probation Revocation Hearing in this cause on April 6, 2007, during which the Defendant raised an objection to the admission of an affidavit from the custodian of the Virginia State Police records of sex offender registrations. The Defendant had been previously ordered by this Court on March 22, 2005, to continue to register as a Sex Offender and was placed on five years indeterminate supervision and five years good behavior. The affidavit offered on April 6, 2007, stated that the Defendant had failed to so register. The Court entered an Order on April 13, 2007, that, *inter alia*, re-suspended all but two years of the five years that had been previously suspended. On May 2, 2007, the Court entered an Order to Vacate Sentencing Order to allow counsel to submit legal memoranda and to

argue whether or not the Court's decision to admit the affidavit was proper. The Court heard oral argument in this matter on June 29, 2007, and has considered the memoranda of law submitted by both counsel.

*Analysis*

At the April 6, 2007, hearing and in subsequent pleadings, the Defendant has objected to the admission into evidence of an affidavit from the Virginia State Police indicating that he failed to maintain current registration as a sex offender. The Defendant contends that the admission of the affidavit would violate his Sixth Amendment right to confront his accusers. In support of his position, he cites the landmark decision of the Supreme Court of the United States in *Crawford v. Washington*, 541 U.S. 36 (2004), which prohibits the admission of out-of-court testimonial statements unless the declarant is unavailable and the defendant has had a prior opportunity to cross-examine that declarant.

By its express language, the Sixth Amendment applies to "criminal prosecutions." U.S. Const. Amend. VI. As the Commonwealth has indicated, the U. S. Supreme Court has held that "[p]robation revocation, like parole revocation, is not a stage of criminal prosecution" even though it may result in a loss of liberty. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). In *Gagnon*, the Court held that there is no difference between "the guarantee of due process" for probation revocation and for parole revocation. *Id.* at 782. It follows, then, that because "the full panoply of rights due a defendant" in a criminal prosecution does not extend to parole revocation proceedings, neither does that "panoply" of rights apply in a probation revocation hearing. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). For this reason, the Court concludes that the Sixth Amendment and *Crawford* do not apply in the instant case; and, thus do not bar the admission of the State Police affidavit into evidence. Please see *United States v. Palmer*, 463 F. Supp. 2d 551, 553 (E.D. Va. 2006) ("the rules announced in *Crawford* . . . do not apply to probation revocation hearings").

It is clear from the decisions in *Morrissey* and *Gagnon*, however, that the Defendant is entitled to some due process rights in the present proceeding. In *Morrissey*, the Supreme Court held that, in parole revocation proceedings, the "minimum requirements" of due process include "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause)." *Morrissey*, 408 U.S. at 489. *Morrissey* also provided, however, that, because parole revocation is a "narrow inquiry," the full constitutional protections afforded to defendants in criminal prosecutions do not attach and

states are free to employ a "process . . . flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Id*. As noted above, the decision in *Gagnon* indicates that defendants should be afforded the same due process rights in probation revocation proceedings as in parole revocation proceedings.

This Court has attempted to resolve the apparent inconsistency in *Morrissey* by examining the Court of Appeals of Virginia opinion in *Jasper v. Commonwealth*, 49 Va. App. 749 (2007). Jasper appealed a trial court's admission of his Department of Motor Vehicles (DMV) transcript, over his Confrontation Clause objection, to prove that his operator's license had been revoked and that he had notice of the revocation. The Court of Appeals reviewed relevant portions of *Crawford*, decisions from "several of our sister courts," and its own opinion in *Michels v. Commonwealth*, 47 Va. App. 461 (2006). The Court held that, where a challenged document was generated as a result of a request by law enforcement personnel for a search of public records, where the person completing the search was the custodian of the records searched, and where the underlying records were not created in anticipation of the litigation in which a summary of their contents was offered into evidence, then the admission of the challenged document does not violate an appellant's Confrontation Clause rights. *Jasper* at 756-57.

*Jasper* does not directly control the present case because, as previously noted, the Sixth Amendment does not apply to probation revocation proceedings. *Jasper* is instructive, however, because the Court finds that the affidavit at issue in this case is similar to the DMV transcript at issue in *Jasper*. The State Police affidavit certifies that the registration documents that the Defendant is required to file are absent from State Police records. Although the affidavit was prepared by a law enforcement officer, it was "prepared in a non-adversarial setting in which 'the factors likely to cloud the perception of an official engaged in the more traditional law enforcement functions of observation and investigation of crime are simply not present'." *Michels v. Commonwealth*, 47 Va. App. at 469 (quoting *State v. Dedman*, 136 N.M. 561, 568, 102 P.3d 628, 635 (2004)). Under *Jasper*, it seems to the Court that, even in a criminal prosecution, admission of the State Police affidavit would not violate the Confrontation Clause. It follows, then, that the admission of the affidavit in this probation violation proceeding would not vitiate the due process guarantee of confrontation set forth in *Morrissey*.

The Court also notes that the *Crawford* decision marked a significant shift in Sixth Amendment jurisprudence. The Court remains convinced that one cannot fairly, reasonably equate the due process guarantee of

confrontation of adverse witnesses contained in *Morrissey* with the markedly more robust Sixth Amendment confrontation guarantee elucidated by the U. S. Supreme Court in *Crawford* more than thirty years later.

Furthermore, the Court declines defense counsel's invitation to adopt the balancing test employed by the U.S. District Court in the *Palmer* case. The Court will simply accept the affidavit pursuant to the official records exception to the hearsay rule. Please see § 18-29 in Charles E. Friend's treatise, *The Law of Evidence in Virginia*, (5th ed. 1999).

### Holding

For the above reasons, the Motion for Rehearing is denied. As indicated to counsel and to the Defendant at the hearing on April 6, 2007, the Court finds the Defendant in violation of his probation, and re-imposes the four years, eleven months, and 20 days of incarceration that had been previously suspended. The Defendant shall serve two years in the Virginia State Penitentiary, and the Court will re-suspend the remainder of the incarceration. In addition, the Defendant will be placed on indeterminate supervised probation for five years following his release from incarceration, and, as a condition of probation, he is ordered to maintain current registration (and re-registration) as a sex offender which he is required to do by Virginia Code §§ 9.1-903 and 9.1-904.

The Clerk of Court will prepare an Order that essentially reinstates the Court's April 13, 2007, rulings. Copies of that Order will be sent to counsel.