COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Millette
Argued at Chesapeake, Virginia


STUART BRUCE DICKENS

                                                                    OPINION BY
v.        Record No. 1755-07-1                        JUDGE ROBERT P. FRANK
                                                                    JULY 29, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Alfred M. Tripp, Judge

Robert H. Knight, III, Assistant Public Defender (Office of the
Public Defender, on briefs), for appellant.

Jennifer C. Williamson, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Stuart Bruce Dickens, appellant, was convicted of violating the terms of probation.  On

appeal, he contends the trial court, by accepting an affidavit that he failed to register as a sex

offender, violated his Fourteenth Amendment due process right of confrontation.  For the reasons

stated, we affirm the judgment of the trial court.

BACKGROUND

On March 15, 2005, appellant was convicted of failing to register as a violent sex

offender in violation of Code § 18.2-472.1 and the trial court imposed, but suspended, a

sentence, conditioned upon five years probation.

On April 6, 2007, the trial court conducted a revocation hearing based on appellant's

subsequent failure to register as a violent sex offender as required by Code § 18.2-472.1.  The

only evidence of the violation was an affidavit subscribed and sworn to on May 4, 2006, by the

custodian of records for the Sex Offender & Crimes Against Minors Registry of the Virginia

Department of State Police averring that appellant had not registered with the registry between November 18, 2005, and May 3, 2006.

The court found appellant had violated the terms of his probation, and by order dated April 13, 2007, the trial court revoked his probation, reinstated his previously suspended sentence, and re-suspended all but two years.

On May 1, 2007, appellant filed a motion for rehearing contending he has a due process right of confrontation. The court vacated its April 13, 2007 order and conducted a hearing on the motion on June 29, 2007, at which time appellant argued he was deprived of his due process rights by not being able to cross-examine the affiant who had averred that appellant had not registered as a sex offender.

The trial court withheld its decision at the hearing, and by letter opinion dated July 18, 2007, opined that the admission of the affidavit "did not vitiate the due process guarantee of confrontation . . . ."

This appeal follows.

ANALYSIS

Appellant contends the admission of the state police affidavit as proof of his failure to register in the Sex Offender Registry violates his due process right of confrontation. The admissibility of evidence is within the discretion of the trial court, and we review its decisions only for abuse of discretion. Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). However, whether appellant's due process right of confrontation was violated is a question of law and is reviewed *de novo*. Michels v. Commonwealth, 47 Va. App. 461, 465, 624 S.E.2d 675, 678 (2006).

At the outset we note that both the United States Supreme Court and this Court have previously held that probation revocation hearings are not a stage of criminal prosecution and

therefore a probationer is not entitled to the same due process protections afforded a defendant in a criminal prosecution. Davis v. Commonwealth, 12 Va. App. 81, 84, 402 S.E.2d 684, 686 (1991); see also Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973); Morrissey v. Brewer, 408 U.S. 471, 480 (1972). We acknowledge that appellant does not maintain that his Sixth Amendment right to confrontation was violated.[1] However, in order to understand the Fourteenth Amendment due process right to confrontation, we must begin with a review of the Sixth Amendment right to confrontation.

Morrissey affords a probationer a due process right to "confront and cross-examine adverse witnesses." Morrissey, 408 U.S. at 489. However, there is no right to confrontation or to cross-examination contained within the text of the Fourteenth Amendment. Thus, we look to the Sixth Amendment right to confrontation for guidance in understanding the due process right to confrontation.

The seminal case on Sixth Amendment confrontation, Crawford v. Washington, 541 U.S. 36 (2004), held that the Confrontation Clause applies to testimonial hearsay and in order for such hearsay to be admissible, the witness must be unavailable and the accused must have had an opportunity for cross-examination. Id. at 68. The Court noted that the Confrontation Clause targeted a specific "evil," namely the "civil-law mode of criminal procedure, and particularly its use of *ex parte* examinations as evidence against the accused." Id. at 49. The Court reasoned that the Confrontation Clause protects against "testimonial" statements because, it only "applies to 'witnesses' against the accused — in other words, those who 'bear testimony.'" Id. at 51 (quoting 2 N. Webster, An American Dictionary of the English Language (1828)). In a concurring opinion, then Chief Justice Rehnquist opined that some hearsay exceptions, such as

---

[1] The Sixth Amendment right is limited to "criminal prosecutions," and a revocation hearing is not a "criminal prosecution." Morrissey, 408 U.S. at 480.

"business records and official records" do not violate the Sixth Amendment. Id. at 76. See also Jasper v. Commonwealth, 49 Va. App. 749, 754, 644 S.E.2d 406, 409 (2007) (holding the Sixth Amendment right of confrontation does not apply to business records).

In Michels, 47 Va. App. 461, 624 S.E.2d 675, we found no error in the admissibility of a certificate from the Secretary of the State of Delaware concerning the absence of corporate registration. We held the certificates were "not testimonial for two primary reasons." Id. at 469, 624 S.E.2d at 680. First,

> the certificates are not by their nature accusatory and do not describe any criminal wrongdoing of appellant. Rather they are a neutral repository of information that reflects the objective results of a search of public records . . . . [They] certif[y] that a search has been conducted and particular records do not exist.

Id. at 469-70, 624 S.E.2d at 680. Second,

> the documents do not resemble *ex parte* communications, "the principal evil at which the Confrontation Clause was directed." Crawford, 541 U.S. at 50. . . . While the certificates were requested by a law enforcement officer, the reports were prepared in a non-adversarial setting in which "the factors likely to cloud the perception of an official engaged in the more traditional law enforcement functions of observation and investigation of crime are simply not present." [State v.] Dedman, 102 P.3d [628], 635 [(N.M. 2004)]. The Delaware Secretary of State was not asked questions regarding appellant nor was she probed for information about appellant based on her personal knowledge. Rather, an officer requested that she prepare a document certifying the results of a routine search of business records, as is done for any number of reasons.

Michels, 47 Va. App. at 469-70, 624 S.E.2d at 680.

In Jasper, 49 Va. App. 749, 644 S.E.2d 406, the challenged document was the defendant's Division of Motor Vehicles driving transcript. We concluded that the transcript "was generated as a result of a request by law enforcement personnel for a search of certain public records." Id. at 757, 644 S.E.2d at 411. "[T]he person completing the certification was the custodian of the records searched, and the underlying records were not created in anticipation

of the litigation in which a summary of their contents was offered into evidence." Id. We found no violation of the defendant's right of confrontation.

As in Jasper and Michels, the affidavit in question here is a "document[] establishing the existence or absence of some objective fact, rather than detailing the criminal wrongdoing of the defendant." Id. at 755, 644 S.E.2d at 410. It was prepared in a non-adversarial setting, is not "accusatory," and it was not prepared in anticipation of litigation. The sex offender registry is a "neutral repository of information that reflects the objective results of a search of public records." Michels, 47 Va. App. at 469, 624 S.E.2d at 680. The information contained in the affidavit simply summarizes the official registry of the Department of State Police, such registry being mandated by Code § 19.2-390.1. We find no meaningful distinction between the affidavit at issue here and the documents in Jasper and Michels.

In addition, we note that the affidavit falls within the official records exception to the hearsay rule, which is a firmly-established exception to hearsay.[2] Parker v. Commonwealth, 41 Va. App. 643, 654, 587 S.E.2d 749, 754 (2003). "'The underlying rationale which justifies admitting facts contained in official records as an exception to the hearsay rule is that the concern for reliability is largely obviated because the nature and source of the evidence enhance the prospect of its trustworthiness.'" Owens v. Commonwealth, 10 Va. App. 309, 311, 391

---

[2] Code § 8.01-390(B) provides, in relevant part:

> An affidavit signed by an officer deemed to have custody of such an official record, or by his deputy, stating that after a diligent search, no record or entry of such record is found to exist among the records in his office is admissible as evidence that his office has no such record or entry.

Pursuant to this statutory exception to the hearsay rule, "'records and reports prepared by public officials pursuant to a duty imposed by statute, or required by the nature of their offices, are admissible as proof of the facts stated therein.'" Frank Shop, Inc. v. Crown Cent. Petroleum Corp., 261 Va. 169, 175, 540 S.E.2d 897, 900 (2001) (quoting Taylor v. Maritime Overseas Corp., 224 Va. 562, 565, 299 S.E.2d 340, 341 (1983)).

S.E.2d 605, 607 (1990) (quoting Ingram v. Commonwealth, 1 Va. App. 335, 338, 338 S.E.2d 657, 658-59 (1986)). Thus, we conclude that the information contained in the affidavit is reliable as an official record.

We now turn to whether introduction of the affidavit at the probation revocation hearing violated appellant's Fourteenth Amendment rights. As previously noted, a probationer is not entitled to the same due process protections afforded a defendant in a criminal prosecution. However,

> a court may not summarily revoke a previously suspended sentence without notice, hearing, and benefit of counsel. Copeland v. Commonwealth, 14 Va. App. 754, 756, 419 S.E.2d 294, 295 (1992). The Court in Morrissey applied due process protections to parole revocation proceedings, stating that minimum due process requirements include: (1) written notice; (2) disclosure of the evidence against the accused; (3) an opportunity to be heard and to present evidence and witnesses; (4) an opportunity to confront and cross-examine adverse witnesses; (5) a "neutral and detached" hearing body; and (6) a written statement as to the evidence relied on and reasons for revoking parole. Morrissey, 408 U.S. at 489. Procedural protections were extended to probation revocations in Scarpelli, 411 U.S. at 782.

Logan v. Commonwealth, 50 Va. App. 518, 525, 651 S.E.2d 403, 406 (2007), petition for appeal granted, No. 072342 (Va. Sup. Ct. Order of Feb. 28, 2008). Specifically, the United States Supreme Court has stated that in revocation hearings "formal procedures and rules of evidence are not employed," Scarpelli, 411 U.S. at 789, and that the process of revocation hearings "should be flexible enough to consider evidence . . . that would not be admissible in an adversary criminal trial," Morrissey, 408 U.S. at 489. Thus, hearsay evidence, which would normally be inadmissible in a criminal trial, may be admitted into evidence in a revocation hearing based on the court's discretion. Id. The Supreme Court noted:

> While in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in Morrissey intend to prohibit use where appropriate of the conventional substitutes for

> live testimony, including affidavits, depositions, and documentary evidence.

Scarpelli, 411 U.S. at 782 n.5.

Clearly, the Sixth Amendment right of confrontation is a more rigorous right than the due process requirement in a revocation context because a revocation hearing is not a "criminal proceeding" and the full panoply of rights due a defendant "does not apply to [probation] revocation." Morrissey, 408 U.S. at 480. We concluded in Davis:

> In revocation hearings "formal procedures and rules of evidence are not employed," and that the process of revocation hearings "should be flexible enough to consider evidence . . . that would not be admissible in an adversary criminal trial."

Davis, 12 Va. App. at 84, 402 S.E.2d at 686 (citations omitted).

We find Davis is instructive. There, appellant was instructed to reside in West Virginia with his family as a condition of his probation. Id. at 83, 402 S.E.2d at 685. The probation officer testified at his revocation hearing that Davis never reported to his assigned parole officer in West Virginia and that there was an outstanding Virginia Parole Board warrant for his arrest. Id. Among other things, the officer also notified the court that the Manassas Police Department informed her that Davis had been residing in Prince William County where there were outstanding warrants for his arrest. Id. Davis objected to the probation officer's hearsay testimony. We found that while part of the probation officer's testimony was "based on information provided to her by other governmental officials, . . . the court may in its discretion admit such evidence in the relaxed process of a revocation hearing." Id. at 84, S.E.2d at 686. The challenged hearsay that we approved in Davis is far less reliable than the contents of the affidavit at issue here.

It is clear that appellant is entitled to some due process rights in his revocation hearing. We conclude that appellant was afforded all of the due process guarantees contemplated by Morrissey, Scarpelli, and subsequent jurisprudence generated by the holdings of those cases.

Appellant urges that we adopt the balancing test as set forth in a number of federal circuit court cases, which weighs the defendant's interest in confrontation against the reliability of the questioned evidence.  See Palmer v. United States, 463 F. Supp. 2d 551 (E.D. Va. 2006).  We find no need to embrace this balancing test since the reliability of official records has long been established.  Owens, 10 Va. App. at 311, 391 S.E.2d at 607.  Furthermore, the United States Court of Appeals for the Fourth Circuit has held hearsay evidence is admissible in probation revocation hearings if it is sufficiently reliable.  United States v. McCallum, 677 F. Supp. 1024 (4th Cir. 1982).

CONCLUSION

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in admitting the Department of State Police affidavit.  We affirm appellant's conviction.

Affirmed.