COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and McClanahan
Argued at Richmond, Virginia


IVAN LEANDER HARRIS
                                                              OPINION BY
v.        Record No. 3046-07-2                       JUDGE ROBERT P. FRANK
                                                              MARCH 4, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Walter W. Stout, III, Judge

Jessica M. Bulos, Assistant Appellate Defender (Office of the
Appellate Defender, on briefs), for appellant.

Alice T. Armstrong, Assistant Attorney General II (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Ivan Leander Harris, appellant, was convicted, in a bench trial, of failing to re-register as

a sex offender, in violation of Code § 18.2-472.1(B).  On appeal, he contends the trial court erred

(1) in admitting into evidence an affidavit pursuant to Code § 18.2-472.1(D), arguing his Sixth

Amendment right to confrontation was violated, and (2) in finding the evidence sufficient to

convict.  For the reasons stated, we affirm his conviction.

BACKGROUND

Appellant was convicted of attempted sexual assault in the Superior Court for Fairbanks,

Alaska in 1993.  On May 26, 2006, appellant was convicted in the City of Petersburg General

District Court of a misdemeanor failure to register as a violent sex offender.  That conviction

order provided, *inter alia*, "[Defendant] shall register on or before June 2, 2006 and re-register

every 90 days."

Over appellant's objection, the trial court accepted into evidence an affidavit from Virginia State Police Lieutenant William J. Reed, custodian of the records for the Virginia State Police Sex Offender Registry. The affidavit averred, "The records of the Virginia Department of State Police, show that no Sex Offender Registration (Re-registration) form (SP-236A) have [sic] been filed for [Ivan L. Harris] between March 27, 2007 to June 19, 2007." Appended to the affidavit were a number of other documents including certified copies of appellant's registration history with the Department.

Attached to the affidavit was a Department of State Police re-registration and address registration form dated May 4, 2007, sent to appellant by certified mail, return receipt requested and accepted by appellant on May 5, 2007. The re-registration form advised appellant that he was required to "verify the information on this form, with your signature, thumbprints and date. This form must be received at the Department of State Police on or before May 28, 2007 to be in compliance with your duty to re-register." The form further advised: "Failure to comply with the registration required is punishable as a Class 1 misdemeanor or a Class 5 or 6 felony."

Appellant did not re-register until June 20, 2007, when State Trooper Jeff Bradford contacted him as part of his investigation into appellant's failure to re-register. Trooper Bradford personally registered appellant on that date.

At trial, appellant objected to the admission of the affidavit as a violation of his Sixth Amendment right of confrontation.[1]

---

[1] While the Attorney General indicates in his brief that it is not clear whether appellant objected only to the actual affidavit or to the affidavit and the documents attached thereto, it is clear from the record that appellant's objection was to the affidavit and attachments. The affidavit and attachments were offered into evidence as one exhibit.

The trial court rejected appellant's right of confrontation argument, comparing the introduction of this affidavit with the admissibility of "DNA evidence and forensic evidence from the lab." The trial court further found the evidence sufficient to convict.

This appeal follows.

ANALYSIS

State Police Affidavit

Appellant first contends the affidavit violated his Sixth Amendment right of confrontation as articulated in Crawford v. Washington, 541 U.S. 36 (2004). He argues that: (1) the affidavit is testimonial; (2) no evidence indicates the affiant was unavailable to testify; and (3) he had no opportunity to cross-examine the affiant.[2] We conclude an affidavit prepared by the Virginia Department of State Police (Department) reflecting the records kept by the Department as mandated by statute is not "testimonial" in nature. For the following reasons, introduction of such an affidavit at trial does not violate appellant's right to confrontation under the Sixth Amendment.

First, we must review the statutory basis for the Department's maintenance of a sex offender registry. Code § 9.1-900 establishes the legislative purpose of Chapter 9, The Sex Offender & Crimes Against Minors Registry Act §§ 9.1-900 through 9.1-922. The stated purpose is "to assist the efforts of law-enforcement agencies and others to protect their communities and families from repeat sex offenders and to protect children from becoming victims of criminal offenders by helping to prevent such individuals from being allowed to work directly with children." Code § 9.1-900.

---

[2] Contentions (2) and (3) are not controverted.

Code § 9.1-904(B) requires any person who has previously been convicted of a sexually violent offense[3] and has been convicted of a violation of Code § 18.2-472.1 (failure to register or re-register) shall re-register with the Department every thirty days from the date of conviction.[4]

> Reregistration means the person has notified the State Police, confirmed his current physical and mailing address and electronic mail address information, any instant message, chat or other Internet communication name or identity information that he uses or intends to use, and provided such other information, including identifying information, which the State Police may require.

Code § 9.1-904.

Code § 19.2-390.1 requires the Department to keep and maintain a Sex Offender & Crimes Against Minors Registry, separate and apart from all other records maintained by it.

The Department is charged with the duty to investigate a failure to register or re-register. As part of its statutory duty, if a warrant for failure to register or re-register has been issued:

> The State Police shall forward to the jurisdiction an affidavit signed by the custodian of the records that such person failed to comply with the duty to register or re-register. Such affidavit shall be admitted into evidence as prima facie evidence of the failure to comply with the duty to register or re-register in any trial for the violation of Code § 18.2-472.1.

Code § 9.1-907(A).

Finally, Code § 18.2-472.1 creates a Class 6 felony for a sexually violent offender who fails to register or re-register as required by Article 9. The same statute addresses the introduction of an affidavit:

> At any trial pursuant to this section, an affidavit from the State Police issued as required in § 9.1-907 shall be admitted into

---

[3] Appellant does not contest that he was convicted of a sexually violent offense as defined in Code § 9.1-902(E).

[4] Despite the thirty-day registration interval as required by statute, the Department required appellant to re-register every ninety days. The record does not disclose the reason for this discrepancy.

evidence as prima facie evidence of the failure to comply with the duty to register or re-register and a copy of such affidavit shall be provided to the registrant or his counsel seven days prior to hearing or trial by the attorney for the Commonwealth.

Code § 18.2-472.1(D).[5]

In arguing that the affidavit was testimonial, appellant maintains that the statement contained in the affidavit, namely, that appellant failed to re-register with the sex offender registry, is clearly the type of statement that the declarant would reasonably expect to be used prosecutorially. Appellant reasons that pursuant to Crawford, the statement was "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." 541 U.S. at 52. Moreover, contends appellant, because the underlying Department records are created in anticipation of litigation, the Department is not a "neutral repository." The Commonwealth responds that while the affidavit may have been prepared with an eye towards litigation, the underlying records are not prepared in anticipation of litigation. We agree with the Commonwealth.

For the reasons discussed herein, we conclude that the dispositive issue is not whether the affiant might reasonably expect that the document will be used in litigation, rather the issue is whether the affiant generated the document in the regular course of business and reported facts already in existence. Such is clearly the case here.

---

[5] Code § 18.2-472.1(E) now provides:

The accused in any hearing or trial in which an affidavit from the State Police issued as required in § 9.1-907 is admitted into evidence pursuant to this section shall have the right to call the custodian of records issuing the affidavit and examine him in the same manner as if he had been called as an adverse witness. Such witness shall be summoned and appear at the cost of the Commonwealth.

This provision was not in effect when appellant was tried. It became effective July 1, 2008. See 2008 Va. Acts, c. 218.

The admissibility of evidence lies within the discretion of the trial court, and we review its decisions only for abuse of discretion. Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). However, whether appellant's due process right of confrontation was violated is a question of law and is reviewed *de novo*. Michels v. Commonwealth, 47 Va. App. 461, 465, 624 S.E.2d 675, 678 (2006).

This Court recently held that an affidavit prepared by the Virginia State Police in compliance with Code § 9.1-907(A) is non-testimonial. Dickens v. Commonwealth, 52 Va. App. 412, 663 S.E.2d 548 (2008), petition for appeal refused, Record No. 081702 (Va. Dec. 29, 2008). Although the ultimate challenge in Dickens was an alleged violation of a Fourteenth Amendment due process right to confrontation, this Court used a Sixth Amendment right to confrontation analysis in applying the Fourteenth Amendment right to confrontation. Dickens' reasoning is sound, and we therefore adopt the analysis of Dickens in holding that the state police affidavit in question here is not testimonial in nature.[6]

In deciding Dickens, this Court considered our previous decisions in Jasper v. Commonwealth, 49 Va. App. 749, 754, 644 S.E.2d 406, 409 (2007) (holding the Sixth Amendment right of confrontation does not apply to business records), and Michels v. Commonwealth, 47 Va. App. 461, 465, 624 S.E.2d 675, 678 (2006) (holding that a certificate from the Secretary of the State of Delaware concerning the absence of corporate registration was not testimonial).

In Michels, 47 Va. App. 461, 624 S.E.2d 675, we held the certificate was not testimonial for two reasons. First:

> the certificates are not by their nature accusatory and do not
> describe any criminal wrongdoing of appellant. Rather they are a

---

[6] Appellant argues that the Sixth Amendment right to confrontation analysis in Dickens, 52 Va. App. 412, 663 S.E.2d 548, is dicta. We need not address this argument because we adopt and incorporate that same analysis here.

> neutral repository of information that reflects the objective results of a search of public records . . . . [They] certif[y] that a search has been conducted and particular records do not exist.

Id. at 469-70, 624 S.E.2d at 680.  Second, the documents do not resemble *ex parte* communications.  Id. at 470, 624 S.E.2d at 680.  While the certificates were requested by a law enforcement officer, the reports were prepared in a non-adversarial setting.  Id.  The Court also noted:

> The Ninth Circuit considered the admissibility of a certificate of nonexistence of record and noted that while the certificate was prepared in anticipation of litigation, an issue addressed by Crawford, "the document [the] certification addresses is part of a class of documents that were not prepared for litigation."  United States v. Cervantes-Flores, 421 F.3d 825, 833 (9th Cir. 2005).

Id. (alteration in original).

In Jasper, 49 Va. App. 749, 644 S.E.2d 406, we concluded that a Division of Motor Vehicles driving transcript "was generated as a result of a request by law enforcement personnel for a search of certain public records."  Id. at 757, 644 S.E.2d at 411.  "[T]he person completing the certification was the custodian of the records searched, and the underlying records were not created in anticipation of the litigation in which a summary of their contents was offered into evidence."  Id.  We found no violation of the defendant's right of confrontation.

As in Dickens, Jasper, and Michels, "the affidavit in question here is a document 'establishing the existence or absence of some objective fact, rather than detailing the criminal wrongdoing of the defendant.'"  Dickens, 52 Va. App. at 419, 663 S.E.2d at 551 (quoting Jasper, 49 Va. App. at 755, 644 S.E.2d at 410).  It was prepared in a non-adversarial setting, and is not "accusatory."  The affiant simply generated the document from objective facts already in existence.  The sex offender registry is a "neutral repository of information that reflects the objective results of a search of public records."  Michels, 47 Va. App. at 469, 624 S.E.2d at 680.

The information contained in the affidavit simply summarizes the official registry of the Department of State Police, such registry being mandated by Code § 19.2-390.1.

Appellant attempts to distinguish Jasper and Michels by suggesting that the affidavit in this case was created for use in a prosecution. Appellant argues the main purpose behind the creation of the sex offender registry is to ensure compliance and to hold individuals criminally accountable for their non-compliance. We reject this argument. The stated purpose of the registry is to protect the community from repeat offenders and to safeguard children by preventing sexual offenders from working directly with children. Code § 9.1-900. Nothing in the statute suggests that the registry itself is penal in nature. Indeed, if appellant had complied with the statute there would be no criminal implication.

Appellant again attempts to distinguish Jasper and Michels because the records in those cases were not maintained by law enforcement agencies, whereas the records here are maintained by the Department of State Police. We reject appellant's argument because, as noted, the analysis is not who maintains the records, rather, the emphasis is on the underlying purpose for the preparation of the records.

Finally, appellant claims that in comparing Code § 18.2-472.1 to Code § 19.2-187.1, the trial court overlooked a "significant distinction" between the two statutes, namely, that Code § 18.2-472.1, as it existed at the time of trial, provided no statutory right to confrontation whereas Code § 19.2-187.1 provides that the accused "shall have the right to call the person performing such analysis or examination or involved in the chain of custody as a witness therein, and examine him in the same manner as if he had been called as an adverse witness." While the legislature in 2008 added the provision to the statute that the defendant may subpoena the custodian of the records as an adverse witness, this later amendment does not alter the trial court's Crawford analysis. The trial court correctly found that the affidavit in question here is

not testimonial, thus, the appellant was not entitled to a Sixth Amendment right to confrontation under these circumstances. The fact that the legislature *statutorily* created a vehicle to confront a witness does not mean that an accused has a heightened *constitutional* right of confrontation under the Sixth Amendment. A state can apply stricter standards by interpretations of its own Constitution or by statute, Penn v. Commonwealth, 13 Va. App. 399, 407, 412 S.E.2d 189, 193 (1991), but states are bound by the United States Supreme Court's interpretation of the United States Constitution. Indeed, "state courts will not be the final arbiters of the important issues under the federal Constitution." Minnesota v. National Tea Co., 309 U.S. 551, 557 (1940). We find no merit to appellant's argument.

Sufficiency of the Evidence

Appellant contends the evidence was insufficient to support the conviction for failure to re-register as a sex offender. More precisely, appellant argues that without evidence of appellant's initial registration date, the trial court was unable to conclude that appellant was required to re-register by May 28, 2007.[7]

When faced with a challenge to the sufficiency of the evidence, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence" to support it. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted). A reviewing court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006). We ask only whether "'any rational trier of fact could have found

---

[7] The first affidavit the Commonwealth attempted to introduce into evidence proved an initial registration date of June 2, 2006. This document was ruled inadmissible by the trial court due to a violation Brady v. Maryland, 373 U.S. 63 (1963).

- 9 -

the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Kelly, 41 Va. App. at 257, 584 S.E.2d at 447). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

It is undisputed that the Petersburg General District Court convicted appellant of misdemeanor failing to register and ordered appellant to register as a sex offender by June 2, 2006. We underscore that Code § 9.1-904(A) requires that appellant re-register every ninety days *from the date of registration*; it does not require appellant to re-register every ninety days from his last re-registration. Thus, appellant's initial registration date firmly established the subsequent dates upon which he was responsible for re-registering. The undisputed evidence proved that appellant was required to *re*-register by May 28, 2007. Logic dictates that if appellant was required to re-register, he would have necessarily registered at some previous point in time. Beginning with May 28, 2007 and counting backwards in intervals of ninety days, we compute the following dates: February 27, 2007, November 29, 2006, August 31, 2006, and June 2, 2006. Thus, it is a logical inference that appellant registered, as directed, on June 2, 2006.

Based upon our calculation, the evidence proved that appellant initially registered on June 2, 2006 and that he was required to re-register on May 28, 2007, yet neglected to do so until June 20, 2007. Therefore, the evidence was sufficient to find him guilty of failing to re-register.

## CONCLUSION

For the foregoing reasons, we find that admission of the state police affidavit did not violate appellant's Sixth Amendment right to confrontation. Additionally, the evidence was sufficient to find appellant guilty of failing to re-register as a sex offender. Accordingly, appellant's conviction is affirmed.

<u>Affirmed.</u>