COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Richmond, Virginia


RONALD K. POLASKI
                                                MEMORANDUM OPINION[*] BY
v.       Record No. 2912-07-4                   JUDGE JAMES W. HALEY, JR.
                                                      APRIL 7, 2009
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                              J. Peyton Farmer, Judge Designate

                    Alexander C. Raymond, Assistant Public Defender (John D.
                    Mayoras, Senior Assistant Public Defender; Office of the Public
                    Defender, on brief), for appellant.

                    Karen Misbach, Assistant Attorney General (Robert F. McDonnell,
                    Attorney General; Donald E. Jeffrey, III, Senior Assistant Attorney
                    General, on brief), for appellee.


        A jury found Ronald K. Polaski ("Polaski") guilty of three counts of forcible sodomy in

violation of Code § 18.2-67.1(1), four counts of taking indecent liberties with a minor child in

violation of Code § 18.2-370.1, four counts of aggravated sexual battery in violation of Code

§ 18.2-67.3, and one count of animate object sexual penetration in violation of Code § 18.2-67.2.

The victim was Polaski's daughter, A.G.  In the trial court, Polaski sought to present evidence of

A.G.'s prior complaint of sexual abuse against another man, not Polaski.  The trial court refused

to permit the admission of this evidence, and Polaski argues that the trial court erred because the

prior complaint could have provided an alternative source for A.G.'s apparent knowledge of

sexually explicit activities.  According to Polaski, without the evidence of the prior complaint,

the jury might have assumed that the most likely explanation for a nine-year-old girl's detailed

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

sexual knowledge was that she acquired that sexual knowledge from the experience of being sexually abused by Polaski. Having reviewed the details of the prior complaint and the details of A.G.'s allegations at trial, we must disagree with Polaski. The circumstances of the prior complaint were so different from the victim's trial testimony that the disputed evidence had no logical tendency to establish the prior incident as an alternate source of the child's sexual knowledge. Our conclusion that the evidence was irrelevant and properly excluded requires that we affirm Polaski's convictions.

FACTS

On the day before Polaski's trial began, the trial judge granted the Commonwealth's motion *in limine* to bar Polaski from presenting evidence of A.G.'s prior complaint of sexual abuse against another man. The trial court reviewed this evidence *in camera*, and granted the Commonwealth's motion.

In addition to A.G.'s testimony, the evidence at Polaski's trial included testimony from police, social workers, and A.G.'s mother. In addition, the jury considered transcripts and recordings of Polaski's statements to the police and of his statements to A.G.'s mother.

A.G. was nine years old and living with Polaski in Stafford County at the time of the events she described in her trial testimony. A.G. testified that she came out of her bedroom at night and found Polaski, naked, on the couch, watching a pornographic movie on the television. According to A.G., Polaski told her to suck his penis with her mouth, and she did. A.G. also testified that, on another day, in the afternoon, she exited her bedroom to get a drink of water, and once again she saw Polaski lying on the couch, naked. This time a glass of chocolate milk was near Polaski, and some of the chocolate syrup was on Polaski's penis. A.G. remembers waking him up, "to ask him why he was doing that." Polaski told her to lick the chocolate syrup

off of his penis. A.G. remembered that she was being punished at the time for misbehavior and that Polaski told her that he would end or decrease her punishment if she would lick up the chocolate syrup. A.G. went on to testify that she did lick up the chocolate syrup. A.G. also stated that, on a separate occasion, Polaski got into the shower with her and asked her to wash his body. A.G. said that Polaski liked her to wash his penis more than the rest of his body and that Polaski asked her to get onto her knees. When she was on her knees, Polaski put his penis into her mouth. A.G. also testified that Polaski put his finger inside her vagina.

Recordings of a police interview with Polaski were played for the jury. Polaski told Detective Harris that he was asleep and having a dream about oral sex when he woke up to find A.G. with her mouth on his penis. When the detective asked him how many times this had happened, Polaski answered: "One [time]with the mouth and maybe twice with her hand." However, at trial, Polaski testified that he never woke up to find A.G. with her mouth on his penis and that he had been confused by the questions of the police. Rather, Polaski said that he did have a sexual dream and woke up to find A.G. touching his penis with her hand.

The earlier sexual abuse complaint occurred four years before the allegations against Polaski, when A.G. was five years old. When A.G.'s grandmother was taking care of A.G. in the summer of 2003, A.G. sat on her grandmother's boyfriend's lap. A.G. told the Prince William County police that her grandmother's boyfriend placed her hand on his penis, over his clothing. The social services' records that the trial judge reviewed *in camera* indicate that the grandmother's boyfriend admitted to at least some of the allegations and was charged with taking custodial indecent liberties with a minor child. The record does not disclose any disposition of these charges.

ANALYSIS

Generally, a reviewing court will overturn a trial court's decision regarding the admission of evidence only if the record demonstrates an abuse of discretion. Dagner v. Anderson, 274 Va. 678, 685, 651 S.E.2d 640, 644 (2007). However, Polaski argues that, to the extent that the evidence of the prior complaint of sexual abuse is forbidden by Code § 18.2-67.7,[1] the statute is unconstitutional as applied to him for infringing his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. We review *de novo* a defendant's claim that his constitutional right to confrontation was violated. Dickens v. Commonwealth, 52 Va. App. 412, 417, 663 S.E.2d 548, 550 (2008).

---

[1] This code section, commonly known as the Rape Shield Statute, has three enumerated exceptions:

> 1. Evidence offered to provide an alternative explanation for physical evidence of the offense charged which is introduced by the prosecution, limited to evidence designed to explain the presence of semen, pregnancy, disease, or physical injury to the complaining witness's intimate parts; or
>
> 2. Evidence of sexual conduct between the complaining witness and the accused offered to support a contention that the alleged offense was not accomplished by force, threat or intimidation or through the use of the complaining witness's mental incapacity or physical helplessness, provided that the sexual conduct occurred within a period of time reasonably proximate to the offense charged under the circumstances of this case; or
>
> 3. Evidence offered to rebut evidence of the complaining witness's prior sexual conduct introduced by the prosecution.

Polaski concedes that none of the three exceptions applies to the prior abuse of A.G. by her grandmother's boyfriend.

The Constitution does not prohibit trial judges from excluding evidence that is irrelevant. Crane v. Kentucky, 476 U.S. 683, 644 (1986); United States v. Lancaster, 96 F.3d 734, 744 (1996); see also Oliva v. Commonwealth, 19 Va. App. 523, 527, 452 S.E.2d 877, 880 (1995). "Combined, the rights to compulsory process, confrontation and due process give the defendant a constitutional right to present *relevant* evidence." Neely v. Commonwealth, 17 Va. App. 349, 356, 437 S.E.2d 721, 725 (1993) (emphasis added). Code § 18.2-67.7, the Rape Shield Statute, also provides: "evidence of specific instances of his or her prior sexual conduct shall be admitted only if it is relevant . . . ."

"'Evidence is relevant if it has a logical tendency, however slight, to establish a fact at issue in the case.'" Utz v. Commonwealth, 28 Va. App. 411, 418, 505 S.E.2d 380, 384 (1998) (quoting Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993)). Polaski argues that evidence of A.G.'s prior complaint of sexual abuse was relevant because it tended to refute the inference that Polaski's guilt was the only probable explanation for a nine-year-old girl's knowledge of explicit sexual matters. Observing, correctly, the absence of any Virginia decisions admitting evidence of prior sexual abuse for this purpose, Polaski relies on authority from four other states. State v. Pulizzano, 456 N.W.2d 325 (Wis. 1990); State v. Jacques, 558 A.2d 706 (Me. 1989); Commonwealth v. Ruffen, 507 N.E.2d 684 (Mass. 1987); State v. Carver, 678 P.2d 842 (Wash. Ct. App. 1984).

We believe that the partially disputed prior complaint in this case was irrelevant because the details of the prior complaint are so different from A.G.'s trial testimony. At trial, A.G. stated that Polaski placed his naked penis in her mouth on three occasions, that he had her wash his body when the two of them were naked, together, in the shower, and that he inserted his finger into her vagina. Of course, it is possible that A.G. had this knowledge regarding sexual

subjects well before the time of the alleged offenses, and it is not impossible that she acquired this knowledge from sources of information other than the experience of being sexually abused by her father. But we may eliminate the incident described in the prior complaint as a possible source of the sexual knowledge she demonstrated through her trial testimony. The prior complaint was that, when she was five years old, her grandmother's boyfriend placed her hand on his penis, *over his clothing*. This incident has no logical tendency to show A.G.'s prior knowledge of the physical appearance of a penis, or of the fellatio or object sexual penetration she described at trial.

Indeed, the authorities on which Polaski relies are in accord with this conclusion. The <u>Carver</u> and <u>Jacques</u> opinions do not describe either the complaining witnesses' trial testimony or the disputed prior complaint of sexual abuse in sufficient detail to permit meaningful comparison with the facts of this case. Though it may be significant that <u>Carver</u> describes the defendant's attempt "to introduce at trial evidence of *similar sexual abuse* of the victims by their grandfather and a friend." <u>Carver</u>, 678 P.2d at 843 (emphasis added). <u>Jacques</u> mentions that "evidence of prior sexual abuse might be admissible if offered for the purpose of challenging the jury's assumption of children's innocence; *subject to the limitations of relevance* under Rule 403." <u>Jacques</u>, 558 A.2d at 708 (emphasis added).

It is clear, however, that <u>Ruffen</u> and <u>Pulizzano</u> do not support Polaski's position that he has a right to present evidence of a prior sexual abuse against the complaining witness, despite the fact that the earlier abuse is not similar to the allegations at trial. In <u>Ruffen</u>, the Supreme Judicial Court of Massachusetts ruled that the trial court erred in refusing to permit the defendant to conduct *voir dire* of the complaining witness regarding prior sexual abuse precisely because the details of the prior complaint were similar to the allegations at trial:

> Thus, the defendant in this case, because he had a reasonable suspicion and a good faith basis for the inquiry, should have been permitted a voir dire examination of the victim's mother and of the victim to determine whether the victim had been sexually abused in the past. *If the victim had been abused sexually in the past in a manner similar to the abuse in the instant case*, such evidence would be admissible at trial because it is relevant to the issue of the victim's knowledge about sexual matters.

Ruffen, 507 N.E.2d at 815 (emphasis added).

As in the other cases relied on by Polaski, the defendant in Pulizzano attempted to introduce evidence of prior sexual abuse of the complaining witness "for the limited purpose of establishing an alternative source for M.D.'s sexual knowledge." Pulizzano, 455 N.W.2d at 327.

> To support her request, Ms. Pulizzano offered the report of William Freund, M.D., a psychiatrist who treated M.D. [the complaining witness] for emotional problems caused by the earlier incident. . . . Dr. Freund then elicited that M.D. had been sexually abused sometime in 1984 by three adults, including an "older" woman. The sexual assault included fondling and "sodomy of the penis," and because M.D. stated he was "hurt" in the incident, Dr. Freund opined that anal penetration may also have occurred. Dr. Freund's report further stated that M.D. was "very precocious sexually" and abnormally interested in sexual material. Dr. Freund noted that M.D. would simply walk up to people and ask them to perform fellatio on him.

Id. at 327-28. The principal reason for the Supreme Court of Wisconsin's decision to reverse the defendant's conviction appears to have been the close similarity between the prior abuse and the trial allegations. "M.D., who was the only one of the children to testify, alleged that the sexual conduct included fondling, fellatio, anal penetration with an object, and digital vaginal penetration." Id. at 328. "The evidence Ms. Pulizzano sought to present was that M.D. had been the victim of a *prior sexual assault which involved acts similar to those alleged here*." Id. at 329 (emphasis added).

Though these authorities have approved the admission of evidence similar to A.G.'s prior complaint for the purposes of proving a child's sexual knowledge, none of them appear to approve the admission of such evidence unless the details of the prior complaint are similar to the allegations at trial. Without that similarity, the prior complaint is irrelevant for the purpose for which Polaski has offered it.

We also believe that Polaski's own trial testimony and the recordings of his interview with the police further negate his argument that the prior complaint was relevant to establishing an explanation for A.G.'s precocious sexual knowledge.[2] It is true that, at trial, Polaski denied the section of his recorded statement in which he explained that he woke up from a sexual dream to find A.G. with her mouth on his penis. But even the version of this event most favorable to Polaski, i.e. that he woke up from the sexual dream only to find A.G. touching his penis with her hand, provides at least as much explanation regarding A.G.'s sexual knowledge as the prior complaint. Thus, the prior complaint had no logical tendency to establish the proposition for which Polaski offered it, and as irrelevant, was properly excluded.

Affirmed.

---

[2] Polaski's statements and testimony were not yet in evidence at the time of the trial court's ruling on the Commonwealth's motion *in limine* to bar Polaski from introducing evidence of the prior complaint. However, in Ricks v. Commonwealth, 39 Va. App. 330, 336 n.3, 573 S.E.2d 266, 269 n.3 (2002), we held that, on appeal, we could consider the entire record, not merely the evidence available at the time of the disputed ruling, in our review of an evidentiary ruling of the trial court.